# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Blue Cross Blue Shield of Minnesota as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan; CentraCare Health System, on Behalf of Itself and the Sisters of the Order of Saint Benedict Retirement Plan; Supplemental Benefit Committee of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust, as Administrator of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust; Jerome Foundation; Meijer, Inc., as Administrator of the Meijer OMP Pension Plan and Meijer Hourly Pension Plan, Participants in the Meijer Master Pension Trust; Nebraska Methodist Health System, Inc., on Behalf of Itself, and as Administrator of the Nebraska Methodist Hospital Foundation, the Nebraska Methodist Health System Retirement Account Plan, and the Hennie Edmundson Memorial Hospital Employee Retirement Plan; North Memorial Health Care; The Order of Saint Benedict, as the St. John's University Endowment and the St. John's Abbey Endowment; The Twin City Hospitals-Minnesota Nurses Association Pension Plan Pension Committee, as Administrator of the Twin City Hospitals-Minnesota Nurses Association Pension Plan; Administrative Committee of the Joint Hospitals Pension Board, as Administrator of the Twin City Hospitals Pension Plan for Licensed Practical Nurses; The Board of Trustees of the Tuckpointers Local 52 Pension Trust Fund, as administrator of the Tuckpointers Local 52 Pension Trust Fund, and the Board of Trustees of the Chicago Area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52, as administrator for the Chicago area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52; and The El Paso County Retirement Plan,

Civil No. 11-2529 (DWF/JJG)

**ORDER**

           Plaintiffs,

v.

Wells Fargo Bank, N.A.,

     Defendant.

  This matter is before the Court upon Defendant Wells Fargo Bank, N.A.'s

("Defendant") appeal (Doc. No. 114) of Magistrate Judge Jeanne J. Graham's May 31,

2012 informal discovery order (Doc. No. 113) insofar as the Magistrate denied

Defendant's request for discovery related to ERISA Plaintiffs' participation in

Defendant's and other securities lending programs.  Plaintiffs filed a response to

Defendant's appeal on June 27, 2012.  (Doc. No. 127.)

  The Court must modify or set aside any portion of the Magistrate Judge's order

found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a); D. Minn. LR 72.2(a).  This is an "extremely deferential standard." *Reko v.*

*Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Having

reviewed the record and the submissions of counsel, the Court finds that Magistrate Judge

Graham's Order is neither clearly erroneous nor contrary to law.

  Defendant argues that documents related to the ERISA Plaintiffs' participation in

Defendant's and other securities lending programs are relevant to Plaintiffs' ERISA

fiduciary duty claim and are thus discoverable.  (Doc. No. 114 at 6-14.)  Defendant

contends that such information is relevant to causation as well as the materiality of any

non-disclosures or misrepresentations made by Defendant.  (*Id.*)  Plaintiffs contend,

however, that, given the cumulative nature of materials sought by Defendant, the

Magistrate's ruling reasonably limited the scope of discovery.  (Doc. No. 127 at 8-13.)

Plaintiffs further note that Defendant is already in possession of any information related

to securities lending programs that could be located from Plaintiffs' files. (*Id.* at 9-11.)

In light of the foregoing, and the records and proceedings herein, the Court

concludes that Defendant has failed to demonstrate that the discovery ruling is either

clearly erroneous or contrary to law.  Therefore, the Court denies Defendant's appeal and

affirms Magistrate Judge Graham's May 31, 2012 Order in all respects.[1]

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that Magistrate Judge Jeanne J.

Graham's May 31, 2012 Order (Doc. No. [113]) is **AFFIRMED**.


Dated:  July 5, 2012              s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

---

[1]      The Court further notes that informal discovery conferences before the Magistrate
are ongoing.