UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Cross Blue Shield of Minnesota as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan; CentraCare Health System, on Behalf of Itself and the Sisters of the Order of Saint Benedict Retirement Plan; Supplemental Benefit Committee of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust, as Administrator of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust; Jerome Foundation; Meijer, Inc., as Administrator of the Meijer OMP Pension Plan and Meijer Hourly Pension Plan, Participants in the Meijer Master Pension Trust; Nebraska Methodist Health System, Inc., on Behalf of Itself, and as Administrator of the Nebraska Methodist Hospital Foundation, the Nebraska Methodist Health System Retirement Account Plan, and the Jennie Edmundson Memorial Hospital Employee Retirement Plan; North Memorial Health Care, on Behalf of Itself and as Administrator of the North Memorial Health Care Pension Plan; The Order of Saint Benedict, as the St. John's University Endowment and the St. John's Abbey Endowment; The Twin City Hospitals-Minnesota Nurses Association Pension Plan Pension Committee, as Administrator of the Twin City Hospitals-Minnesota Nurses Association Pension Plan; Administrative Committee of the Joint Hospitals Pension Board, as Administrator of the Twin City Hospitals Pension Plan for Licensed Practical Nurses; The Board of Trustees of the Tuckpointers Local 52 Pension Trust Fund, as administrator of the Tuckpointers Local 52 Pension Trust Fund; and the Board of Trustees of the Chicago Area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52, as administrator for the Chicago area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52; and The El Paso County Retirement Plan, | Civil No. 11-2529 (DWF/JJG)<br><br><br><br><br><br>ORDER |
| Plaintiffs, | |

v.

Wells Fargo Bank, N.A.,

        Defendant.

This matter is before the Court upon Plaintiffs' Consolidated Objections to Magistrate Judge Jeanne J. Graham's September 17, 2012 order and September 27, 2012 order insofar as the Magistrate Judge granted Defendant Wells Fargo Bank, N.A.'s ("Defendant") motion for a protective order and denied Plaintiffs' request for leave to move for reconsideration. (Doc. Nos. 203, 209, 210.) Defendant filed a response to Plaintiffs' appeal on October 15, 2012. (Doc. No. 213.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Having reviewed the record and the submissions of counsel, the Court finds that Magistrate Judge Graham's orders are neither clearly erroneous nor contrary to law.

In August 2009 in *Workers' Compensation Reinsurance. Assoc. v. Wells Fargo Bank, N.A.* No. 62-CV-08-10825 (Minn. Dist. Ct. Ramsey Cnty.) ("the *WCRA* action"), the Special Master found that John G. Stumpf, Chairman, President, and Chief Executive Officer of Wells Fargo & Company ("Stumpf") had "unique personal knowledge not otherwise available" regarding the risks Defendants' Securities Lending Program ("SLP") participants faced and his concurrence with a decision not to support the SLP's losses.  (Doc. No. 189, Moccio Aff. ¶ 3, Ex. A at 4–5.)  In 2010, Stumpf testified at the punitive damages stage of the jury trial.[1]

In the instant action, Plaintiffs seek to depose Stumpf regarding his knowledge of changes to Defendants' SLP after October 2009 and anticipate that his deposition would last less than two hours.  Defendant moved for a protective order, which the Magistrate Judge granted, reasoning, in part, that though Stumpf had "information relevant to how the SLP evolved," the court would not "allow Plaintiffs to depose the most senior corporate executives where there is insufficient evidence that such executives represent the only source of the information sought."  (Doc. No. 203 at 6.)  The Magistrate Judge found that Plaintiffs could obtain this information from "other corporate designees" through Rule 30(b)(6) depositions.  (*Id*.)

In Defendant's Rule 30(b)(6) deposition, Roger W. Adams ("Adams") testified that with respect to knowledge of changes to the SLP after October 2009, "there wasn't a whole lot of preparation to do" and that four other deposition topics "cover a great deal of

---

[1]  Rather than citing Stumpf's testimony, Plaintiffs point to what appears to be a portion of the *WCRA* plaintiff's closing argument.  (Moccio Aff. ¶ 3, Ex. M.)

the changes in the [SLP]." (Doc. No. 211, Moccio Aff. ¶ 3, Ex. 1 at 345.) When asked about the SLP changes, Adams stated, as far as he was aware, that Stumpf's involvement was "none whatsoever." (*Id*. at 347.) Adams testified that he did not investigate what Stumpf may have known about this topic and acknowledged that he could not testify as to Stumpf's involvement with the SLP after October 2009. (*Id*.)

Plaintiffs argue that in granting Defendant's motion for a protective order as to Stumpf, the Magistrate Judge erred by applying the "apex" deposition rule, which Plaintiffs contend is aimed at avoiding harassment in situations where a CEO or agency head does not have any relevant special knowledge and did not play an active role in the underlying disputed facts. Plaintiffs also assert that the Magistrate Judge misapplied the "apex" deposition rule by inappropriately shifting the burden to Plaintiffs to show that Stumpf had unique or special knowledge rather than requiring Defendant to meet its heavy burden of demonstrating extraordinary circumstances justifying a protective order. Plaintiffs contend that the Special Master's August 2009 opinion in the *WCRA* action establishes that Stumpf had unique and special knowledge and that Plaintiffs are entitled to depose Stumpf on topics contained in his affidavit that are critical to the parties' dispute about ongoing harm and punitive damages. Additionally, Plaintiffs emphasize that there is no legal authority that requires Plaintiffs to show that they seek knowledge from the least burdensome source and that the availability of this SLP information from other sources does not preclude deposing Stumpf.

Defendant argues that the Magistrate Judge's order was not clearly erroneous or contrary to law given the court's inherent authority to limit discovery under Rule 26(b)(2)(C).  Defendant points out that the Magistrate Judge acknowledged that there is no *per se* bar to deposing top executives and that she accurately distinguished between witnesses with some relevant knowledge and those with unique, personal knowledge.  Defendant contends that the Magistrate Judge's finding that Stumpf lacked "unique or special knowledge" was well-supported by key facts including Defendant's size and organizational structure, Stumpf's repeated sworn statements in the *WCRA* action as to his lack of knowledge about the SLP, and the availability of this information from Defendant's corporate designee.[2]  (Doc. No. 203 at 7.)  Defendant also asserts that Plaintiffs asked only a limited amount of questions about this SLP topic at Defendant's 30(b)(6) deposition, demonstrating that Plaintiffs did not seize the opportunity to ascertain this information from a source other than Stumpf.

The standard for setting aside a Magistrate Judge's order is deferential; Plaintiffs have not met this high bar.  Based on Adams's testimony that Stumpf did not have relevant knowledge of the SLP changes and Stumpf's prior sworn statements in the *WCRA* action, the Magistrate Judge reasonably applied the "apex" doctrine.  (Doc. No.

---

[2]   Interestingly, Stumpf asserted lack of knowledge of the SLP or, in Stumpf's own words in his August 2009 Affidavit, "I am not familiar with any aspect of how that program was created or run. . . . I have never been and am not familiar with the terms and conditions of the documents that govern participation in the securities lending program or of the rights and obligations of Wells Fargo Bank, N.A. or the participants under those agreements."  (Doc. No. 214, Zamansky Aff. ¶ 2, Ex. 1 at ¶ 4.)  A jury may find Stumpf's level of knowledge to be highly relevant to issues of liability.

203 at 5 citing *Cardenas v. Prudential Ins. Co. of Am.*, No. 99-1421, 2003 WL 21293717, at *1 (D. Minn. May 16, 2003); *Bank of the Ozarks v. Capital Mortg. Corp.*, No. 4:12-mc-00021, 2012 WL 2930479, at *1 (E.D. Ark. July 18, 2012.) The Special Master's August 2009 finding regarding Stumpf's knowledge of the SLP changes at that time does not require a similar finding in the instant case about Stumpf's purported unique and personal knowledge of these SLP changes after October 2009. Moreover, the Magistrate Judge's decision to grant Defendant's motion for a protective order as to Stumpf was neither clearly erroneous nor contrary to law based on the court's inherent authority to limit discovery that may place a heavy burden on a party, particularly if it can be obtained from other sources. *See* Fed. R. Civ. P. 26(b)(2)(C); *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925-26 (8th Cir. 1999).

Adams's deposition was taken the day after the protective order was issued. The alleged inadequacy of Adams's deposition preparation about Stumpf's knowledge of the SLP changes does not render the Magistrate Judge's order clearly erroneous or contrary to law. The Court finds that the Magistrate Judge's denial of leave to move for reconsideration based on an absence of compelling circumstances was not erroneous. Based upon a review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Magistrate Judge Jeanne J. Graham's September 17, 2012 order (Doc. No. [203]) and September 27, 2012 order (Doc. No. [209]) are **AFFIRMED** and

2. Plaintiffs' Consolidated Objections to Magistrate Judge Jeanne J. Graham's September 17, 2012 order and September 27, 2012 order (Doc. No. [210]) are **OVERRULED**.

Dated: November 9, 2012            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge