# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Cross and Blue Shield of Minnesota, as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan; CentraCare Health System, on Behalf of Itself and the Sisters of the Order of Saint Benedict Retirement Plan; Supplemental Benefit Committee of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust, as Administrator of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust; Jerome Foundation; Meijer, Inc., as Administrator of the Meijer OMP Pension Plan and Meijer Hourly Pension Plan, Participants in the Meijer Master Pension Trust; Nebraska Methodist Health System, Inc., on Behalf of Itself, and as Administrator of the Nebraska Methodist Hospital Foundation, the Nebraska Methodist Health System Retirement Account Plan, and the Jennie Edmundson Memorial Hospital Employee Retirement Plan; North Memorial Health Care; The Order of Saint Benedict, as the St. John's University Endowment and the St. John's Abbey Endowment; The Twin Cities Hospitals-Minnesota Nurses Association Pension Plan Pension Committee, as Administrator of the Twin Cities Hospitals-Minnesota Nurses Association Pension Plan, | Civil No. 11-2529 (DWF/JJG)<br><br>**MEMORANDUM OPINION AND ORDER** |

      Plaintiffs,

v.

Wells Fargo Bank, N.A.,

      Defendant.

_____

Michael V. Ciresi, Esq., Munir R. Meghjee, Esq., Stephen F. Simon, Esq., Vincent J. Moccio, Esq., and Brock J. Specht, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Plaintiffs.

Lawrence T. Hofmann, Esq., Michael R. Cashman, Esq., Daniel J. Millea, Esq., James S. Reece, Esq., Lindsey A. Davis, Esq., Richard M. Hagstrom, Esq., and Rory D. Zamansky, Esq., Zelle Hofmann Voelbel & Mason LLP; Brooks F. Poley, Esq. and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Bench Trial of ERISA and Non-ERISA Fiduciary Duty Claims (Doc. No. 297). For the reasons set forth below, the Court grants the motion in part and denies it in part.

## BACKGROUND

Plaintiffs are a group of institutional investors who participated in Wells Fargo's Securities Lending Program ("SLP") and suffered substantial losses during the course of their participation in the SLP. (Doc. No. 200, Third Am. Compl. ¶¶ 11-24.) This action stems from Wells Fargo's purported improper and imprudent investment of Plaintiffs' funds. As such, Plaintiffs assert the following claims against Wells Fargo: (1) Breach of Fiduciary Duty (Non-ERISA and ERISA); (2) Breach of Contract; (3) Intentional and Reckless Fraud and Fraudulent Nondisclosure/Concealment; (4) Negligent Misrepresentation; (5) Violation of Minnesota Prevention of Consumer Fraud Act—Minn. Stat. §§ 325F.69 and 8.31; (6) Unlawful Trade Practices—Minn. Stat. §§ 325D.13

and 8.31; and (7) Deceptive Trade Practices—Minn. Stat. §§ 325D.44 and 8.31. (*Id.* ¶¶ 256-328.)

The factual background of this matter is set out in this Court's previous Orders and is incorporated by reference herein. Wells Fargo now moves for a bench trial of Plaintiffs' fiduciary duty claims.

## DISCUSSION

### I. Legal Standard

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. CONST. amend. VII. "Suits at common law" refers to suits in which *legal* rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

To determine whether a particular suit falls within the ambit of the Seventh Amendment, courts must apply a two-step test. *Id.* at 42. A court must first compare the action before it "to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity"; second, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990). The second inquiry is the more important in the analysis. *Id.*; *see also Tull v. United States*, 481 U.S. 412, 421 (1987) ("We reiterate our previously expressed view that characterizing the relief sought

is more important than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial.").

Still, the right of a trial by jury at common law is a fundamental, constitutional right. *Jacob v. City of New York*, 315 U.S. 752, 752-53 (1942). As such, any seeming curtailment of the right to a jury trial must be scrutinized with the utmost care. *Halladay v. Verschoor*, 381 F.2d 100, 109 (8th Cir. 1967), citing *DePinto v. Provident Security Life Ins.*, 323 F.2d 826, 837 (9th Cir. 1963).

## II. Motion for Bench Trial

In Count I, Plaintiffs have asserted a breach of fiduciary duty claim on behalf of both the ERISA and non-ERISA Plaintiffs. Count I(a) states a claim on behalf of the non-ERISA Plaintiffs,[1] while Count I(b) states a claim on behalf of the ERISA Plaintiffs.[2]

There appears to be no dispute that Plaintiffs' ERISA claim is equitable in nature and that Plaintiffs are thus not entitled to a jury trial with respect to the ERISA fiduciary duty claim. *See In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982) (holding that "a jury

---

[1] According to the Third Amended Complaint, the non-ERISA Plaintiffs include: CentraCare, Sisters Retirement Plan, Jerome, Nebraska Methodist, North Memorial, St. John's, and El Paso Retirement. (Third Am. Compl. at 55.) Nebraska Methodist and North Memorial participated in the SLP on behalf of, and as administrator of, both ERISA and non-ERISA entities under their respective Securities Lending Agreements. (*Id.* at 55 n.1-2 & 59 n.3-4.)

[2] According to the Third Amended Complaint, the ERISA Plaintiffs include: International Truck Retiree Trust, Meijer Pension Trust, Nurses Pension Plan, Nebraska Methodist, North Memorial, Tuckpointers Local 52, and LPN Plan. (Third Am. Compl.

(Footnote Continued on Next Page)

trial is not required under section 502"). As such, the Court grants Wells Fargo's motion to the extent it seeks a bench trial of Count I(b).

With respect to the breach of fiduciary duty claim raised in Count I(a), the Court concludes that the non-ERISA Plaintiffs are entitled to a jury trial. While Plaintiffs concede that fiduciary duty claims are usually considered equitable in the first step of the analysis, such a determination does not by itself end the inquiry. (Doc. No. 308 at 7-8.) For instance, "where a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is, subject to appropriate instructions, a jury question." *DePinto*, 323 F.2d at 837. Here, the non-ERISA fiduciary duty claim is inextricably intertwined with the other non-ERISA claims and is premised upon the same alleged course of conduct and common issues of fact. *See Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974) (noting that if a "legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact").

Moreover, the damages sought by Plaintiffs in this case are, at their core, compensatory in nature; and compensatory damages are "the classic form of *legal* relief." *Pereira v. Farace*, 413 F.3d 330, 339 (2d Cir. 2005) (emphasis in original). Where a case involves a legal (as opposed to an equitable) cause of action, "the jury rights it creates

---

(Footnote Continued From Previous Page)
at 55.)

control." *Halladay*, 381 F.2d at 109, quoting *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961).

Having considered the relevant factors, as well as the interests of efficiency and justice, and the lack of prejudice to either party, the Court concludes that Plaintiffs' non-ERISA fiduciary duty claim should be tried to a jury. Therefore, the Court denies Wells Fargo's motion with respect to Count I(a).

Wells Fargo indicated at the hearing that, if the Court were to deny its motion, Wells Fargo would agree to the trial of this matter in the manner proposed by Plaintiffs. As such, the Court adopts Plaintiffs' proposal for trial. (*See* Doc. No. 308 at 20-21.)

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Wells Fargo's Motion for Bench Trial of ERISA and Non-ERISA Fiduciary Duty Claims (Doc. No. [297]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. To the extent Wells Fargo seeks a bench trial of Plaintiffs' ERISA fiduciary duty claim (Count I(b)), the motion is **GRANTED**.

2. To the extent Wells Fargo seeks a bench trial of Plaintiffs' non-ERISA fiduciary duty claim (Count I(a)), the motion is **DENIED**.

3.	The Court adopts Plaintiffs' proposal for trial of this matter.


Dated:  June 4, 2013				s/Donovan W. Frank
						DONOVAN W. FRANK
						United States District Judge