UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Cross and Blue Shield of Minnesota, as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan; CentraCare Health System, on Behalf of Itself and the Sisters of the Order of Saint Benedict Retirement Plan; Supplemental Benefit Committee of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust, as Administrator of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust; Jerome Foundation; Meijer, Inc., as Administrator of the Meijer OMP Pension Plan and Meijer Hourly Pension Plan, Participants in the Meijer Master Pension Trust; Nebraska Methodist Health System, Inc., on Behalf of Itself, and as Administrator of the Nebraska Methodist Hospital Foundation, the Nebraska Methodist Health System Retirement Account Plan, and the Jennie Edmundson Memorial Hospital Employee Retirement Plan; North Memorial Health Care; The Order of Saint Benedict, as the St. John's University Endowment and the St. John's Abbey Endowment; The Twin Cities Hospitals-Minnesota Nurses Association Pension Plan Pension Committee, as Administrator of the Twin Cities Hospitals-Minnesota Nurses Association Pension Plan, | Civil No. 11-2529 (DWF/JJG)  <br><br><br><br>ORDER |

              Plaintiffs,

v.

Wells Fargo Bank, N.A.,

              Defendant.

_____

Michael V. Ciresi, Esq., Munir R. Meghjee, Esq., Stephen F. Simon, Esq., Vincent J. Moccio, Esq., and Brock J. Specht, Esq., Robins Kaplan Miller & Ciresi LLP, counsel for Plaintiffs.

Lawrence T. Hofmann, Esq., Michael R. Cashman, Esq., Daniel J. Millea, Esq., James S. Reece, Esq., Lindsey A. Davis, Esq., Richard M. Hagstrom, Esq., and Rory D. Zamansky, Esq., Zelle Hofmann Voelbel & Mason LLP; Brooks F. Poley, Esq. and William A. McNab, Esq., Winthrop & Weinstine, PA,  counsel for Defendant.

_____

This matter came before the Court for pretrial hearings on June 5, 2013 and June 12, 2013.  Consistent with, and in addition to the Court's rulings and remarks from the bench, and based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Plaintiffs' Motion *in Limine* to Exclude Evidence Regarding the Declaration of Trust (Doc. No. [316]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Evidence as to the interpretation and intent of the Declaration of Trust shall be presumptively admissible on the issue of the contractual rights of the parties and whether a breach of contract occurred.

   b. The scope, the nature, and the extent of Wells Fargo's fiduciary responsibilities, and whether they were breached, are issues of fact for the jury, as is the nature of the fiduciary relationship itself.

      c.      However, the existence of a fiduciary duty is a question of law for the Court to decide. Consequently, absent further order of the Court, the parties are prohibited from arguing during opening statements or presenting testimony that the Declaration of Trust eliminated, limited, or otherwise modified Wells Fargo's fiduciary duties and responsibilities as an agent and trustee for the Plaintiffs.

2.      Plaintiffs' Motion *in Limine* to Exclude Evidence of Plaintiffs' Investments Outside of the Wells Fargo Securities Lending Program ("SLP") (Doc. No. [318]) is **GRANTED** as follows:

      a.      The Court concludes that such evidence is presumptively inadmissible pursuant to its Article 4 analysis.

      b.      Absent further order of the Court, the Court concludes that such evidence has no direct or probative relationship to Wells Fargo's SLP.

3.      Plaintiffs' Motion *in Limine* to Exclude Evidence of Wells Fargo's Irrelevant Attacks on its Own Customers (Doc. No. [320]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      Wells Fargo's "attacks" on its customers shall be prohibited. The Court makes this decision based upon Article 4 including Rule 403. The evidence does not survive a Rule 403 analysis with one exception below.

      b.      To the extent proper foundation is laid and the offered

testimony goes to the limited issue of Plaintiffs' sophistication as it relates to Wells Fargo's duty to disclose material facts and information, it shall be presumptively admissible for that limited purpose subject to proper foundation being laid.

4. Plaintiffs' Motion *in Limine* to Exclude Evidence of Non-Wells Fargo Securities Lending Programs (Doc. No. [322]) is **GRANTED** as follows:

    a. The Court concludes that such evidence is presumptively inadmissible pursuant to Article 4.

    b. Absent further order of the Court, the Court concludes that such evidence has no direct or probative relationship to Wells Fargo's SLP.

5. Plaintiffs' Motion *in Limine* to Exclude Evidence Regarding the Borrower Securities Loan Agreements ("BSLAs") (Doc. No. [324]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Court concludes that such evidence is relevant only with respect to the breach of contract claims.

    b. Absent further order of the Court, the Court concludes that such evidence has no direct or probative relationship to the other claims or defenses in this case.

6. Plaintiffs' Motion *in Limine* to Exclude Inquiry into Plaintiffs' Expert Fees Unless Wells Fargo Discloses the Billings of Analysis Group (Doc. No. [326]) is

**DENIED AS MOOT**.  The parties appear to have reached an agreement at the pretrial hearing on June 5, 2013, as to the scope of examination on this issue.

7. Wells Fargo Bank, N.A.'s Motion *in Limine* to Preclude Plaintiffs' Expert Christopher Geczy from Providing a Factual Narrative of Record Evidence, and Otherwise Testifying as an Overview Witness (Doc. No. [328]) is **DENIED** as follows:

    a. The motion is **DENIED WITHOUT PREJUDICE** as premature.

    b. However, to the extent Plaintiffs' expert Christopher Geczy's testimony is an overview or narrative that is outside the evidentiary parameters of Rule 102, Article 4, and Article 7, including Rule 703, the Court will entertain objections at the time of the testimony at trial.

8. Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Testimony from Plaintiffs' Expert Christopher Geczy, Ph.D. on (1) Legal Matters and (2) State of Mind, Intent, and Motive (Doc. No. [337]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is **GRANTED** to the extent Christopher Geczy intends to give legal conclusions and render opinions regarding state of mind, motive, or intent.  Such testimony is presumptively inadmissible.

    b. To the extent the motion seeks to otherwise exclude Christopher Geczy's testimony, the motion is **DENIED**.

9. Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Testimony from Plaintiffs' Expert Christopher Geczy, Ph.D., that (1) Wells Fargo Failed to Allocate Sufficient Resources to the SLP; (2) Wells Fargo Overstated the NAV of the Business Trust; and (3) Wells Fargo's SLP had an Incentive to take Excessive Risk (Doc. No. [354]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. On the record before the Court, and assuming proper foundation is laid, subject to objections during the trial, the testimony of Christopher Geczy on the issues of sufficient resources to the SLP and the value of the NAV shall be presumptively admissible.  This decision of the Court is made pursuant to Articles 4 and 7.

    b. While the Court will permit testimony on the fees Wells Fargo imposed, testimony as to motive or incentive to do so shall not be permitted absent further order of the Court.

10. Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Evidence of the Securities and Exchange Commission's Consent Order with Wells Fargo Brokerage Services (Doc. No. [360]) is **GRANTED** as follows:

    a. Consistent with the Court's ruling from the bench, the SEC Consent Order and No Action Letter are inadmissible.

    b. The Court reserves the right to revisit the issue at trial, outside the presence of the jury, if either party "opens the door."

11.     Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Evidence, Testimony and References to Other Litigation Against Wells Fargo (Doc. No. [367]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.     References to the prior trial or other litigation shall be presumptively inadmissible.  The witnesses for both parties should use the phrase "prior testimony" or "prior hearing" and not "prior trial."

b.     The Court will reserve ruling on any issues that arise during trial regarding the use of prior discovery or prior testimony.  In the event either party feels that the other has "opened the door" during trial, or that such references to any other litigation should be admissible, counsel must approach the Court outside the presence of the jury.

12.     Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude References or Testimony Relating to Wells Fargo's Role in the Subprime Mortgage Lending Business (Doc. No. [375]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.     The Court concludes that evidence of Wells Fargo's asserted role in the subprime mortgage lending business or so-called crisis shall be presumptively inadmissible pursuant to the Court's Article 4 analysis, including Rule 403.  For example, the statement of Plaintiffs' expert, Christopher Geczy, quoted on page 5 of Plaintiffs' memorandum, will not be permitted.  It does not survive the Court's Rule 403 analysis.  The Court

7

makes the same ruling with respect to the statements attributed to Chairman Kovacevich on page 5 of Plaintiffs' brief.

    b.    Plaintiffs are also prohibited from asserting that Wells Fargo caused or contributed to the subprime crisis.

    c.    However, to the extent the primary purpose of Plaintiffs' proffered evidence is to address issues of Wells Fargo's knowledge and notice, as well as the nature of Wells Fargo's business at relevant times, such evidence is presumptively admissible.  That testimony survives the Court's Article 4 analysis.

13.    Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude References or Testimony that Wells Fargo Bank N.A. Served as an Originator or Servicer of Mortgages Underlying Securities Purchased by Cheyne and Victoria (Doc. No. [382]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Evidence relating to Wells Fargo Bank as an originator or servicer of mortgages underlying securities purchased by Cheyenne and Victoria shall be presumptively admissible, based upon the Court's Article 4 analysis and assuming proper foundation is laid.

    b.    Plaintiffs are prohibited, however, from asserting that Wells Fargo's role as a servicer of mortgages caused or contributed to the subprime crisis as described above.

14. Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Irrelevant and Misleading Evidence Relating to Public Safety of Arizona and Alleged Misapplication of Accounting and Valuation Policies (Doc. No. [391]) is **DENIED** as follows:

   a. Assuming that proper foundation is laid, this evidence survives the Court's Article 4 analysis. Such evidence shall be presumptively admissible.

   b. The Court finds and concludes that such evidence, subject to any trial objections that Wells Fargo may make, is relevant to the scope, nature, and extent of Wells Fargo's fiduciary duties and whether they were breached.

15. Wells Fargo Bank, N.A.'s Motion *in Limine* to Preclude Plaintiffs' from Using Prejudicial Phrases like "Ponzi Scheme" or "Enron" (Doc. No. [401]) is **GRANTED** as follows:

   a. Consistent with the Court's ruling from the bench, the parties shall not use phrases such as "Ponzi Scheme," "Enron," or "Petters." Such statements shall be presumptively inadmissible.

   b. The Court reserves the right to revisit the issue at trial, outside the presence of the jury, if either party "opens the door."

16. Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Evidence of Wells Fargo's Capital Support Agreements with Wells Fargo Advantage Mutual Funds and Short Term Investment Funds (Doc. No. [405]) is **DENIED** as follows:

      a.      Evidence of the Capital Support Agreements with Wells Fargo Advantage Mutual Funds and Short Term Investment Funds shall be presumptively admissible, assuming that proper foundation is laid.  Such evidence survives the Court's Article 4 analysis, including Rule 403.

      b.      The motion is **DENIED WITHOUT PREJUDICE** to the parties making any appropriate trial objections.

17.    Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Statements of Messrs. Stumpf and Kovacevich (Doc. No. [413]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      The Court finds that, subject to its review of the depositions and any objections sustained or redactions made by the Court pursuant to the Rules of Evidence, the deposition testimony of John Stumpf and Richard Kovacevich shall be presumptively admissible.  The testimony, subject to any objections sustained and redactions made by the Court based upon its evidentiary rulings, survives a Rule 104, Article 4, Article 6, and Article 8 analysis.  Given the important and respective roles that John Stumpf and Richard Kovacevich played within Wells Fargo, their knowledge or lack of knowledge regarding the nature of the business policies and responsibilities of Wells Fargo are probative on issues of liability.  The objections raised by Wells Fargo go to the weight to be accorded the evidence, not to its admissibility.

b. The Court cautions the parties, especially with reference to the Plaintiffs' expert, that the Court will entertain objections at trial regarding reliance upon or reference to statements made by John Stumpf and Richard Kovacevich (separate from their deposition testimony), and whether the evidence survives an Article 4 and Article 7 analysis, including Rule 703.

c. There shall be no reference, in opening statements or otherwise in front of the jury, to articles in which John Stumpf and Richard Kovacevich were quoted, unless and until proper offers of proof are made to the Court, which establish appropriate foundation, provided that the statements survive the Court's Article 4, Article 6, and Article 8 analysis.

18. Wells Fargo Bank, N.A.'s Motion *in Limine* to Exclude Gratuitous References or Testimony Relating to Plaintiffs' Charitable and Non-Profit Statuses, Missions or Purposes (Doc. No. [422]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. To the extent that testimony regarding Plaintiffs' charitable and nonprofit status is descriptive of any Plaintiff entity, or is otherwise of probative value, such evidence shall be presumptively admissible, subject to any trial objections the defense may have. The testimony survives the Court's Article 4 analysis.

b. However, absent further order of the Court, Plaintiffs shall be prohibited from discussing the alleged effect of the SLP losses on the operations of their entities, including any effect on the specific endowments for charitable purposes.

19. Wells Fargo Bank, N.A.'s Motion *in Limine* to Preclude Plaintiffs from Introducing, Displaying, or Referencing News Articles Written in Hindsight During Trial (Doc. No. [429]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. The Court prohibits the parties from introducing, displaying, or referencing the news articles at issue during opening statements.

b. The Court reserves the right to revisit the issue at trial, outside the presence of the jury.

20. Wells Fargo Bank, N.A.'s Motion *in Limine* to Bifurcate Punitive Damages and to Exclude Evidence or Testimony Relating to Wells Fargo Bank, N.A.'s or Wells Fargo & Company's Income, Net Worth and Financial Condition (Doc. No. [434]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiffs do not dispute Wells Fargo's request to bifurcate punitive damages. As such, the motion is **DENIED AS MOOT** in that respect.

b. With respect to Wells Fargo's request to exclude evidence of net worth and financial condition, the motion is **DENIED WITHOUT PREJUDICE** to other trial objections. Based on the representations of

Plaintiffs' counsel, the Court assumes that such evidence will relate to the marketing materials and representations made by Wells Fargo.

**Opening Statements**

21. Plaintiffs and Wells Fargo shall each be allotted 90 minutes for opening statements.

Dated: June 14, 2013                             s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge