**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Blue Cross Blue Shield of Minnesota as Administrator
of the Blue Cross and Blue Shield of Minnesota
Pension Equity Plan; CentraCare Health System, on
Behalf of Itself and the Sisters of the Order of
Saint Benedict Retirement Plan; Supplemental Benefit
Committee of the International Truck and Engine
Corp. Retiree Supplemental Benefit Trust, as
Administrator of the International Truck and
Engine Corp. Retiree Supplemental Benefit Trust;
Jerome Foundation; Meijer, Inc., as Administrator
of the Meijer OMP Pension Plan and Meijer Hourly
Pension Plan, Participants in the Meijer Master
Pension Trust; Nebraska Methodist Health System,
Inc., on Behalf of Itself, and as Administrator of the
Nebraska Methodist Hospital Foundation, the
Nebraska Methodist Health System Retirement
Account Plan, and the Jennie Edmundson Memorial
Hospital Employee Retirement Plan; North Memorial
Health Care, on Behalf of Itself and as Administrator
of the North Memorial Health Care Pension Plan;
The Order of Saint Benedict, as the St. John's University
Endowment and the St. John's Abbey Endowment;
The Twin City Hospitals-Minnesota Nurses Association
Pension Plan Pension Committee, as Administrator of
the Twin City Hospitals-Minnesota Nurses Association
Pension Plan; Administrative Committee of the Joint
Hospitals Pension Board, as Administrator of the
Twin City Hospitals Pension Plan for Licensed
Practical Nurses; The Board of Trustees of the
Tuckpointers Local 52 Pension Trust Fund, as
administrator of the Tuckpointers Local 52 Pension
Trust Fund, and the Board of Trustees of the Chicago
Area Joint Welfare Committee for the Pointing,
Cleaning and Caulking Industry Local 52, as administrator
for the Chicago area Joint Welfare Committee for the
Pointing, Cleaning and Caulking Industry Local 52;
and The El Paso County Retirement Plan,

Civil No. 11-2529 (DWF/JJG)

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW,**
**AND ORDER FOR**
**JUDGMENT**

Plaintiffs,

v.

Wells Fargo Bank, N.A.,

                    Defendant.

---

Michael V. Ciresi, Esq., Munir R. Meghjee, Esq., Stephen F. Simon, Esq., Vincent J. Moccio, Esq., Brock J. Specht, Esq., Mathew R. Korte, Esq., and Thomas L. Hamlin, Esq., Robins Kaplan Miller & Ciresi LLP; and Roberta B. Walburn, Esq., counsel for Plaintiffs.

Bart H. Williams, Esq., Bradley R. Schneider, Esq., Erin J. Cox, Esq., and Manuel F. Cachan, Esq., Munger Tolles & Olson LLP; Lawrence T. Hofmann, Esq., Michael R. Cashman, Esq., Daniel J. Millea, Esq., Lindsey A. Davis, Esq., Richard M. Hagstrom, Esq., and Rory D. Zamansky, Esq., Zelle Hofmann Voelbel & Mason LLP; and Brooks F. Poley, Esq., John N. Sellner, Esq., Justin H. Jenkins, Esq.,  and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

        This matter came before the Court for a trial by jury on the claims of the

non-ERISA Plaintiffs[1] beginning on June 17, 2013 and ending on August 8, 2013.  On

August 8, 2013, the jury returned a verdict in favor of Defendant Wells Fargo Bank, N.A.

---

[1]     The non-ERISA Plaintiffs, whose claims were submitted to the jury, include: CentraCare, El Paso Retirement, Jerome Foundation, Nebraska Methodist, North Memorial, and St. John's.  (Doc. No. 557, Special Verdict Form.)  According to the Third Amended Complaint, Nebraska Methodist and North Memorial participated in the securities lending program on behalf of, and as administrators of, both ERISA and non-ERISA entities under their respective Securities Lending Agreements.  (Doc. No. 200, Third Am. Compl. at 55 n.1-2 & 59 n.3-4.)   North Memorial asserted non-ERISA claims on behalf of itself and an ERISA claim on behalf of the North Memorial Health Care Pension Plan, an ERISA plan.  (*Id.* ¶ 224.)  Because of the commingled nature of North Memorial's participation in the securities lending program, the parties agreed to submit North Memorial's entire claim to the jury.  (Doc. No. 506, Tr. 532-33.)

("Defendant" or "Wells Fargo") on each of the following counts of the Third Amended

Complaint (Doc. No. 200):  Count I(a) (Breach of Fiduciary Duty – Non-ERISA);

Count II (Breach of Contract); Count III (Intentional Fraud); Count V (Minnesota

Consumer Fraud Act); and Count VI (Minnesota Unlawful Trade Practices Act).[2]  (Doc.

No. 557.)

Neither party requested that the jury serve in an advisory capacity under

Rule 39(c) with respect to the ERISA Plaintiffs' claim.  Rather, prior to trial, the parties

agreed that:

> At the same time as the jury hears the non-ERISA claims, the Court
> would sit as the finder of fact for the ERISA fiduciary duty claims.  For
> example, the testimony by experts and Wells Fargo employees will be
> relevant to the determination of liability by both the jury and the Court.
> Testimony that is specific to the ERISA Plaintiffs would not be
> heard by the jury.  The only such evidence that Plaintiffs contemplate at
> this time is testimony of the ERISA Plaintiffs themselves, as well as
> stipulated evidence on damages.

(Doc. No. 308 at 20-21; *see* Doc. No. 475 at 7 (adopting Plaintiffs' proposal for trial); *see*

*also* Doc. No. 475 at 6 (noting that "Wells Fargo indicated at the hearing that, if the Court

were to deny its motion [for a bench trial of both ERISA and non-ERISA Breach of

Fiduciary Duty claims], Wells Fargo would agree to the trial of this matter in the manner

proposed by Plaintiffs").)  In its briefing, Plaintiffs further noted that "[t]he liability case

---

[2]      Plaintiffs did not submit their non-ERISA Deceptive Trade Practices Act claim
(Count VII) to the jury; Plaintiffs, instead, proposed that Count VII should be decided by
the Court because the remedy provided for such a claim under Minnesota statute is
injunctive relief (as opposed to monetary damages).  (Doc. No. 589, Tr. 5677; *see also id.*
5717-18, 5720.)
         Plaintiffs also withdrew their Negligent Misrepresentation claim (Count IV)
during the jury trial.  (Doc. No. 590, Tr. 5883.)

for ERISA and non-ERISA Plaintiffs can be heard by the Court and the jury at the same time and on the same evidence."  (Doc. No. 308 at 21.)

Thus, simultaneously, and subsequent to the jury trial, the Court sat as "fact-finder" on the ERISA Plaintiffs'[3] Breach of Fiduciary Duty claim (Count I(b)).  The bench trial also concluded on August 8, 2013.

The parties agree that ERISA claims are equitable in nature.  (Doc. No. 475 at 4-5 (finding that Plaintiffs were not entitled to a jury trial with respect to the ERISA fiduciary duty claim and granting Defendant's motion for a bench trial on Count I(b)).)  When claims within a single action are of both a legal and equitable nature, the legal claims must be tried to a jury first and the equitable claims resolved subsequently.  *H.A. Dasler v. E.F. Hutton & Co., Inc.*, 694 F. Supp. 624, 627 (D. Minn. 1988) (citing 9 Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2305 at 35 (1971)); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (noting that where "joinder in one suit of legal and equitable causes would not in all respects protect the plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the

---

[3]      The parties agree that the ERISA Plaintiffs include administrators of the following plans:  Blue Cross Blue Shield of Minnesota Pension Equity Plan (Blue Cross), International Truck and Engine Corp. Retiree Supplemental Benefit Plan (International Truck), Meijer OPM Pension Plan and Meijer Hourly Pension Plan (together, Meijer Pension Trust), Jennie Edmundson Memorial Hospital Pension Plan (Nebraska Methodist), Tuckpointers Local 52 Pension Trust Fund and Chicago Area Joint Welfare Committee for the Pointing, Cleaning, and Caulking Industry Local 52 (together, Tuckpointers Local 52), Twin City Hospitals-Minnesota Nurses Association Pension Plan (Nurses Pension Plan), and Twin City Hospitals Licensed Practical Nurses Pension Plan (LPN Plan).  (Doc. No. 596 ¶¶ 2-8; Doc. No. 598 ¶¶ 2-7; *see also* Third Am. Compl. at 55.)

legal cause, the trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first"). As such, the parties agreed to try their non-ERISA claims to the jury first, while having the Court sit, simultaneously as fact-finder on the ERISA claim, and to present additional evidence with respect to the ERISA Plaintiffs' damages following the jury trial.

If the issues tendered to the jury are purely equitable, the Court, in its discretion, may accept or disregard the jury's verdict. *H.A. Dasler*, 694 F. Supp. at 627. "[T]o the extent that legal and equitable issues overlap," however, "the jury's verdict on the legal claim operates as a finding of fact binding on the Court in its disposition of the accompanying equitable claim." *Id.*; *see McIntosh v. Weinberger*, 810 F.2d 1411, 1429 (8th Cir. 1987) ("Generally, when a case involves both a jury-trial portion and a bench trial, any essential factual issues which are central to both must be tried to the jury . . . ."), *vacated on other grounds by Turner v. McIntosh*, 487 U.S. 1212 (1988); *Dybczak v. Tuskegee Inst.*, 737 F.2d 1524, 1526-27 (11th Cir. 1984) ("It is well settled that where claims at law and in equity are joined and the legal claims are tried separately by a jury, the jury's verdict operates as a finding of fact binding on the trial court in its determination of the equitable claims."); *Lincoln v. Bd. of Regents of Univ. Sys.*, 697 F.2d 928, 934 (11th Cir. 1983) ("When a party has the right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim."); *see also Menovcik v. BASF Corp.*, No. 09-12096, 2011 WL 4945764, at *7 (E.D. Mich. Oct. 18, 2011) ("[T]he Court may not make a finding of fact with respect to the equitable ERISA claim that

conflicts with a finding of fact made by the jury with respect to the remaining legal claims."). *But see United States v. Vertac Chem. Corp.*, 966 F. Supp. 1491, 1498 (E.D. Ark. 1997) (finding that "[a]s there is no right to a jury trial on [a] Section 107(a) claim, the jury finding with respect to divisibility of harm is not binding").

In this action, the jury returned a verdict in which it found, among other things, that Defendant did not breach a fiduciary duty to any of the six non-ERISA Plaintiffs. (Doc. No. 557.)  While the verdict was limited to the non-ERISA Plaintiffs, the evidence presented by Plaintiffs with respect to Defendant's fiduciary duties was common to all Plaintiffs.[4]  *See, e.g.*, *McIntosh*, 810 F.2d at 1429 (finding that a jury determination of a "crucial" or "central fact" is binding on the trial judge); *see also Kreinik v. Showbran Photo, Inc.*, 400 F. Supp. 2d 554, 562 (S.D. N.Y. 2005) (noting that "two issues may be identical for estoppel purposes if they are *substantially* or *essentially* the same"). Therefore, in issuing its verdict, the jury responded to testimony, and determined factual issues,[5] common to Plaintiffs' non-ERISA and ERISA Breach of Fiduciary Duty claims. *See H.A. Dasler*, 694 F. Supp. at 627.  A court's responsibility "to preserve the integrity of the judicial process" involves "a substantial concern in the consistent determination of

---

[4]   Importantly, the jury had a legally sufficient evidentiary basis to find for Defendant on the non-ERISA claims; there is therefore no basis upon which to set aside the jury's verdict on the record before the Court.  The Court need not speculate, however, as to the content of any post-trial motions.

[5]   It is true that the Court "cannot be sure what specific facts the jury found" here. *McIntosh*, 810 F.2d at 1429.  The issue now before the Court pursuant to the bench trial, however, is identical to one of the central questions presented to the jury:  whether Defendant breached its fiduciary duties.  *See id.*

any particular question." *Kreinik v. Showbran Photo, Inc.*, 400 F. Supp. 2d 554, 562

(S.D. N.Y. 2005) (quoting *Wade v. Orange Cnty. Sheriff's Office*, 844 F.2d 951, 954 (2d

Cir. 1998)).  The Court is thus constrained to render a judgment on Plaintiffs' ERISA

claim that is consistent with the jury's determination of factual issues common to both

claims.[6]  *See H.A. Dasler*, 694 F. Supp. at 627-28; *see also Kreinik*, 400 F. Supp. 2d at

561 ("[W]hen the jury has decided a factual issue, its determination has the effect of

precluding the court from deciding the same fact issue in a different way.") (quoting

*Wade*, 844 F.2d at 954).

        Based upon the foregoing, the presentations of the parties, including the testimony

and exhibits submitted during the trial, the post-trial submissions, the entire record before

the Court, and the procedural history of the matter, and the Court being otherwise duly

advised in the premises, the Court hereby makes the following:

## FINDINGS OF FACT

        1.      Plaintiffs withdrew their Negligent Misrepresentation claim (Count IV)

during the jury trial.  (Doc. No. 590, Tr. 5883.)

        2.      On August 8, 2013, the jury returned a verdict in favor of Defendant on all

of the non-ERISA claims before it.  (Doc. No. 557.)

        3.      The jury verdict included a finding that Defendant did not breach a

fiduciary duty to any of the six non-ERISA Plaintiffs.  (*Id.* at 1.)

---

[6]      Significantly, however, the Court notes that if it were not so bound, the Court would find, based on the evidence presented at trial, that Defendant breached its fiduciary duties to the ERISA Plaintiffs.

4.      Prior to trial, Plaintiffs asserted that "[t]he liability case for ERISA and non-ERISA Plaintiffs can be heard by the Court and the jury at the same time and on the same evidence." (Doc. No. 308 at 21.)  Plaintiffs also acknowledged that "[e]xperts for both Plaintiffs and Wells Fargo agree that Wells Fargo's fiduciary duties are virtually identical for both ERISA and non-ERISA Plaintiffs for purposes of this case."  (*Id.*)  In fact, as noted by Plaintiffs' expert, Christopher Geczy, Ph.D., "[f]or purposes of my opinion and as admitted by Wells Fargo, Wells Fargo's fiduciary duty is the same for ERISA and non-ERISA Plaintiffs."  (*Id.* (quoting Doc. No. 309, Walburn Aff. ¶ 3, Ex. 6 at 21).)

5.      Immediately following the seven-week long jury trial, and while the jury was deliberating on the non-ERISA claims, the Court received testimony from representatives of five of the ERISA Plaintiffs in proceedings that lasted approximately one-and-a-half days.

6.      With respect to Defendant's fiduciary duties, the substance of the testimony and evidence presented by the ERISA Plaintiffs to the Court was the same as that presented by the non-ERISA Plaintiffs to the jury.

7.      The Court finds that representatives for both the non-ERISA and ERISA Plaintiffs gave essentially identical accounts of Wells Fargo's disclosures relating to the securities lending program and the relevant trust portfolios.

8.      While it is true that the ERISA Plaintiffs presented testimony concerning their specific interactions with Wells Fargo, the ERISA Plaintiffs did not present any

evidence relating to Wells Fargo's conduct that was not also heard and considered by the jury on the claims of the non-ERISA Plaintiffs.

9.      Significantly, during the bench trial portion of the litigation, Plaintiffs did not introduce any new or additional substantive evidence on the issue of liability—namely, whether Wells Fargo breached its fiduciary duties to the ERISA Plaintiffs.

10.     The record, including the transcript of the bench trial, makes clear that the bench trial portion of the litigation was essentially limited to testimony related to the amount of the ERISA Plaintiffs' damages and the nature of their reliance on precisely the same representations that had been described during the jury trial.

11.     The jury verdict also included findings that Defendant did not violate the Minnesota Consumer Fraud Act or the Minnesota Unlawful Trade Practices Act.  (Doc. No. 557 at 6, 8.)  Specifically, in answering questions 11 and 14, the jury found that: (1) Wells Fargo did not "provide false information or use a deceptive practice in the course of selling the securities lending program" to each of the six non-ERISA Plaintiffs; and (2) Wells Fargo did not "knowingly misrepresent, directly or indirectly, the true quality of the securities lending program or its collateral investments in connection with the sale of the securities lending program" to each of the six non-ERISA Plaintiffs.  (*Id.*)

12.     Plaintiffs acknowledge that "the jury's answers to questions No. 11 and 14 on the Special Verdict Form may operate as findings of fact on issues common to the elements of" their Deceptive Trade Practices Act claim.  (Doc. No. 598 at 88.) "Therefore, Plaintiffs acknowledge that to the extent that legal and equitable issues overlap on these claims, the Court is bound by the Jury's factual findings on the

non-ERISA Plaintiffs' legal claims in making the Court's determination of the

non-ERISA Plaintiffs' equitable claim."  (*Id.* at 88-89.)

13.     Any conclusion of law deemed a finding of fact is incorporated herein as

such.

Based upon the above findings of fact, the Court now makes its:

## CONCLUSIONS OF LAW

1.     The ERISA Plaintiffs are, at a minimum, in privity with the non-ERISA

Plaintiffs.

2.     Defendant acted as a fiduciary under 29 U.S.C. § 1002 with respect to the

ERISA plans.

3.     Defendant owed fiduciary duties to the ERISA Plaintiffs under 29 U.S.C

§ 1104.

4.     The Court is constrained to render a judgment on Plaintiffs' ERISA Breach

of Fiduciary Duty claim that is consistent with the jury's determination of factual issues

common to both the non-ERISA and ERISA claims.[7]  *H.A. Dasler*, 694 F. Supp.

at 627-28.  As such, the Court finds that the jury's verdict on Plaintiffs' Breach of

Fiduciary Duty claim is binding on this Court.  *But see supra* n.6.

---

[7]     The jury's verdict is conclusive here; the Court need not speculate as to "the
grounds for the jury's finding" or "what facts were relied upon and necessary to the
jury's verdict" because the evidence presented to the jury was essentially identical to the
evidence presented to the Court.  *Contra Copic Ins. Co. v. Wells Fargo Bank, N.A.*, 767
F. Supp. 2d 1191, 1216 (D. Colo. 2011) (concluding that "the evidence does not
demonstrate, as a matter of law, that the issues here are identical to those resolved in the
Minnesota Action with respect to the breach of fiduciary duty claim").

5.      The Court concludes, as a matter of law, that the issues presented to the jury were identical to those presented to the Court for the ERISA Plaintiffs.

6.      In light of the jury's findings and verdict with respect to the non-ERISA Breach of Fiduciary Duty claim (Count I(a)), Plaintiffs are not entitled to judgment on their ERISA Breach of Fiduciary Duty claim (Count I(b)).

7.      In light of the jury's findings and verdict with respect to the Minnesota Consumer Fraud Act and Minnesota Unlawful Trade Practices Act claims, Plaintiffs are not entitled to judgment or injunctive relief on their non-ERISA Minnesota Deceptive Trade Practices Act claim (Count VII).

8.      Any finding of fact deemed a conclusion of law is incorporated herein as such.

Based upon the above findings of fact and conclusions of law, this Court enters the following:

## ORDER FOR JUDGMENT

In light of the foregoing, and all the files, records and proceedings herein, it is **HEREBY ORDERED** that:

1.      Plaintiffs **WITHDREW** their Negligent Misrepresentation claim during the jury trial.  As such, Count IV of the Third Amended Complaint (Doc. No. [200]) is **DISMISSED WITH PREJUDICE**.

2.      On August 8, 2013, the jury reached a verdict in favor of Defendant on each of the following counts:  Count I(a) (Breach of Fiduciary Duty – Non-ERISA); Count II (Breach of Contract); Count III (Intentional Fraud); Count V (Minnesota

11

Consumer Fraud Act); and Count VI (Minnesota Unlawful Trade Practices Act).  (Doc.

No. [557].)  As such, Count I(a), Count II, Count III, Count V, and Count VI of the Third

Amended Complaint (Doc. No. [200]) are **DISMISSED WITH PREJUDICE**.

      3.      Count I(b) (Breach of Fiduciary Duty – ERISA) and Count VII (Minnesota

Deceptive Trade Practices Act) were tried to the Court.  For the reasons described above,

the Court now finds in favor of Defendant on Count I(b) and Count VII.  As such,

Count I(b) and Count VII of the Third Amended Complaint (Doc. No. [200]) are

**DISMISSED WITH PREJUDICE**.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  March 24, 2014           <u>s/Donovan W. Frank</u>
                                DONOVAN W. FRANK
                                United States District Judge