UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Blue Cross Blue Shield of Minnesota as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan; CentraCare Health System, on Behalf of Itself and the Sisters of the Order of Saint Benedict Retirement Plan; Supplemental Benefit Committee of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust, as Administrator of the International Truck and Engine Corp. Retiree Supplemental Benefit Trust; Jerome Foundation; Meijer, Inc., as Administrator of the Meijer OMP Pension Plan and Meijer Hourly Pension Plan, Participants in the Meijer Master Pension Trust; Nebraska Methodist Health System, Inc., on Behalf of Itself, and as Administrator of the Nebraska Methodist Hospital Foundation, the Nebraska Methodist Health System Retirement Account Plan, and the Jennie Edmundson Memorial Hospital Employee Retirement Plan; North Memorial Health Care, on Behalf of Itself and as Administrator of the North Memorial Health Care Pension Plan; The Order of Saint Benedict, as the St. John's University Endowment and the St. John's Abbey Endowment; The Twin City Hospitals-Minnesota Nurses Association Pension Plan Pension Committee, as Administrator of the Twin City Hospitals-Minnesota Nurses Association Pension Plan; Administrative Committee of the Joint Hospitals Pension Board, as Administrator of the Twin City Hospitals Pension Plan for Licensed Practical Nurses; The Board of Trustees of the Tuckpointers Local 52 Pension Trust Fund, as administrator of the Tuckpointers Local 52 Pension Trust Fund, and the Board of Trustees of the Chicago Area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52, as administrator for the Chicago area Joint Welfare Committee for the Pointing, Cleaning and Caulking Industry Local 52; and The El Paso County Retirement Plan,<br><br>                    Plaintiffs, | Civil No. 11-2529 (DWF/JJG)<br><br><br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

v.

Wells Fargo Bank, N.A.,

        Defendant.

---

Michael V. Ciresi, Esq., Munir R. Meghjee, Esq., Stephen F. Simon, Esq., Vincent J. Moccio, Esq., Brock J. Specht, Esq., Mathew R. Korte, Esq., and Thomas L. Hamlin, Esq., Robins Kaplan Miller & Ciresi LLP; and Roberta B. Walburn, Esq., counsel for Plaintiffs.

Bart H. Williams, Esq., Bradley R. Schneider, Esq., Erin J. Cox, Esq., and Manuel F. Cachan, Esq., Munger Tolles & Olson LLP; Lawrence T. Hofmann, Esq., Michael R. Cashman, Esq., Daniel J. Millea, Esq., Lindsey A. Davis, Esq., Richard M. Hagstrom, Esq., and Rory D. Zamansky, Esq., Zelle Hofmann Voelbel & Mason LLP; and Brooks F. Poley, Esq., John N. Sellner, Esq., Justin H. Jenkins, Esq., and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on Plaintiffs' post-trial motions. (Doc. Nos. 613, 617.)  For the reasons set forth below, the Court denies the motions.[1]

## BACKGROUND

This matter came before the Court for a trial by jury on the claims of the non-ERISA Plaintiffs[2] beginning on June 17, 2013 and ending on August 8, 2013.  On

---

[1] Simultaneously with this Memorandum Opinion and Order denying Plaintiffs' motions pursuant to Rule 59 and Rule 52(b), the Court is filing Amended Findings of Fact, Conclusions of Law, and Order for Judgment.

[2] The non-ERISA Plaintiffs, whose claims were submitted to the jury, include:
(Footnote Continued on Next Page)

August 8, 2013, the jury returned a verdict in favor of Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") on each of the following counts of the Third Amended Complaint (Doc. No. 200): Count I(a) (Breach of Fiduciary Duty – Non-ERISA); Count II (Breach of Contract); Count III (Intentional Fraud); Count V (Minnesota Consumer Fraud Act); and Count VI (Minnesota Unlawful Trade Practices Act).[3] (Doc. No. 557.)

Simultaneously, and subsequent to the jury trial, the Court sat as "fact-finder" on the ERISA Plaintiffs'[4] Breach of Fiduciary Duty claim (Count I(b)). The bench trial also

---

(Footnote Continued From Previous Page)
CentraCare, El Paso Retirement, Jerome Foundation, Nebraska Methodist, North Memorial, and St. John's. (Doc. No. 557, Special Verdict Form.) According to the Third Amended Complaint, Nebraska Methodist and North Memorial participated in the securities lending program on behalf of, and as administrators of, both ERISA and non-ERISA entities under their respective Securities Lending Agreements. (Doc. No. 200, Third Am. Compl. at 55 n.1-2 & 59 n.3-4.) North Memorial asserted non-ERISA claims on behalf of itself and an ERISA claim on behalf of the North Memorial Health Care Pension Plan, an ERISA plan. (*Id.* ¶ 224.) Because of the commingled nature of North Memorial's participation in the securities lending program, the parties agreed to submit North Memorial's entire claim to the jury. (Doc. No. 506, Tr. 532-33.)

[3] Plaintiffs did not submit their non-ERISA Deceptive Trade Practices Act claim (Count VII) to the jury; Plaintiffs, instead, proposed that Count VII should be decided by the Court because the remedy provided for such a claim under Minnesota statute is injunctive relief (as opposed to monetary damages). (Doc. No. 589, Tr. 5677; *see also id.* 5717-18, 5720.)
Plaintiffs also withdrew their Negligent Misrepresentation claim (Count IV) during the jury trial. (Doc. No. 590, Tr. 5883.)

[4] The parties agree that the ERISA Plaintiffs include administrators of the following plans: Blue Cross Blue Shield of Minnesota Pension Equity Plan (Blue Cross), International Truck and Engine Corp. Retiree Supplemental Benefit Plan (International Truck), Meijer OPM Pension Plan and Meijer Hourly Pension Plan (together, Meijer

(Footnote Continued on Next Page)

concluded on August 8, 2013.  On March 24, 2014, the Court entered its Findings of Fact and Conclusions of Law on the ERISA claim and ordered that judgment be entered on all ERISA and non-ERISA claims.  (Doc. No. 611.)  In that order, the Court concluded that, in rendering a decision on the ERISA Plaintiffs' claim, the Court was bound by the jury's verdict with respect to the claimed breach of Defendant's fiduciary duties.  (*Id.*)  The Clerk of Court entered judgment on all counts on March 25, 2014.  (Doc. No. 612.)

Now, all Plaintiffs move for a new trial on their breach of fiduciary duty claims pursuant to Rule 59, and ERISA Plaintiffs seek to amend the judgment pursuant to Rule 52.

## DISCUSSION

### I.  Plaintiffs' Rule 59 Motion

Both Non-ERISA and ERISA Plaintiffs move for a new trial on their breach of fiduciary claims (Counts I(a) and I(b), respectively).

Under Rule 59 of the Federal Rules of Civil Procedure, the Court may grant a motion for a new trial to all or any of the parties on all issues or on particular issues.  Fed. R. Civ. P. 59(a).  The Court may grant such a motion "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  *Id.*

---

(Footnote Continued From Previous Page)
Pension Trust), Jennie Edmundson Memorial Hospital Pension Plan (Nebraska Methodist), Tuckpointers Local 52 Pension Trust Fund and Chicago Area Joint Welfare Committee for the Pointing, Cleaning, and Caulking Industry Local 52 (together, Tuckpointers Local 52), Twin City Hospitals-Minnesota Nurses Association Pension Plan (Nurses Pension Plan), and Twin City Hospitals Licensed Practical Nurses Pension Plan (LPN Plan).  (Doc. No. 596 ¶¶ 2-8; Doc. No. 598 ¶¶ 2-7; *see also* Third Am. Compl. at 55.)

Additionally, the Court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." *Id.*  The standard for granting a new trial is whether the findings (or verdict) are against "the great weight of the evidence." *See Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996) (determining that, in order to grant a new trial, "the trial court must believe . . . that the verdict was so contrary to the evidence as to amount to a miscarriage of justice").

Plaintiffs assert that they are entitled to a new trial because the jury's verdict, and thus the Court's findings in this case, are against the weight of the evidence and that the jury verdict resulted in a miscarriage of justice.  Plaintiffs generally argue that they established each of the elements of their breach of fiduciary duty claims, and the jury's verdict was therefore unsupported.  Specifically, Plaintiffs maintain that the "overwhelming, and uncontroverted evidence established that Wells Fargo breached its fiduciary duty by, among other things, its construction and management of the SLP portfolio, in changing Plaintiffs' 'redemption rights,' and in its misrepresentations and concealments regarding the SLP." (Doc. No. 615 at 6.)  Plaintiffs further assert that numerous errors occurred at trial, including error in the Court's jury instructions, misconduct by Defendant's counsel, and the Court's exclusion of deposition testimony.

The Court concludes that the verdict of the jury, and the Court's findings, were not without an evidentiary basis.  Although reasonable persons could differ regarding the conclusions to be drawn from the evidence presented, the jury's verdict was not so contrary to the evidence as to amount to a miscarriage of justice.  The Court also

5

separately concludes that the Court's instructions to the jury were neither erroneous nor misleading.

Moreover, to the extent Plaintiffs allege misconduct on the part of defense counsel and that they were prejudiced by the exclusion of deposition testimony, the Court finds such arguments are without merit. While Plaintiffs contend that Defendant violated Court orders, any such violations did not prejudice Plaintiffs or result in an unfair trial. Nor did the Court's evidentiary rulings with respect to deposition testimony result in prejudice to Plaintiffs or impact Plaintiffs' ability to fully and fairly present their case.

Whether the Court looks at each allegation of error and prejudice separately or cumulatively, even giving the benefit of the doubt to the Plaintiffs (which the Court is not required to do in considering post-verdict motions), the Court continues to conclude that the jury had a factual and legal basis to reach the verdict that it did. The Court so finds despite the fact that, as the Court noted in its March 24, 2014 Order (Doc. No. 611 at 6, n.4), the Court would have reached a different decision from that of the jury for all Plaintiffs. For these reasons, the Court respectfully denies Plaintiffs' motion and request for a new trial on the breach of fiduciary duty claims.

## II.     ERISA Plaintiffs' Rule 52 Motion

ERISA Plaintiffs also ask the Court to amend its findings of fact and conclusions of law and to enter judgment in favor of the ERISA Plaintiffs on their fiduciary duty claims pursuant to Rule 52(b). For the reasons set forth in this Order, the Court will amend its March 24, 2014 Findings of Fact, Conclusions of Law, and Order for Judgment (*id.*) in which it dismissed with prejudice the ERISA Plaintiffs' breach of fiduciary duty

claims.  However, the Court continues to find and conclude that it is bound to render a judgment on Plaintiffs' ERISA claim that is consistent with the jury's determination on the breach of fiduciary duty claim not only because it was the same evidence in front of the jury on the non-ERISA claims, but the ERISA claims before the Court relating to breach of fiduciary duty were essentially the same, if not identical.  Some would suggest that a fair and close scrutiny of the record would reveal that they were indeed identical.  And, as the Court has already noted in its decision of March 24, 2014, if the Court was not so bound to enter judgment on Plaintiffs' ERISA claims, consistent with the jury's determination on the non-ERISA claims relating to breach of fiduciary duty, the Court would have concluded that the Defendant breached its fiduciary duty to the ERISA and non-ERISA Plaintiffs.  (*Id.* at 7, n.6.)

Rule 52(b) provides, in relevant part, that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b).  "The purpose of motions to amend is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence."  *Dale and Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1347 (D. Minn. 1993) (quoting *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207 (5th Cir. 1986)).  In that regard, the intent of a Rule 52 motion is to "correct findings of fact which are central to the ultimate decision."  *Dale and Selby Superette & Deli*, 838 F. Supp. at 1347 (quoting *Adams v. James*, 526 F. Supp. 80, 86 (D.C. Ala. 1981)).

ERISA Plaintiffs ask the Court to amend its findings, conclusions, and order for judgment to find in favor of ERISA Plaintiffs on their breach of fiduciary duty claims because, Plaintiffs argue, the Court was not bound by the jury's verdict.  The Court disagrees for the reasons articulated in detail in its previous order.  To the extent the ERISA Plaintiffs seek additional findings by the Court for the purpose of correcting manifest errors of law or fact or based upon newly discovered evidence, that request is respectfully denied.  However, as noted above, without conceding that Rule 52 requires this Court to amend its Findings of Fact, Conclusions of Law, and Order for Judgment, the Court, simultaneously with the filing of this Order, filed its Amended Findings of Fact, Conclusions of Law, and Order for Judgment for the limited purpose of clarifying any misconceptions asserted by either Plaintiffs or Defendant with respect to the Court's decision filed on March 24, 2014.  *(Id.)*

ERISA Plaintiffs alternatively move for a new trial under Rule 59.  The Court rejects the request for a new trial for the reasons articulated above.

The Court thus concludes that Plaintiffs have failed to establish that any manifest errors occurred requiring this Court to enter judgment for the ERISA plaintiffs or order a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.  Accordingly, the Court has respectfully denied Plaintiffs' motions.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Rule 59 Motion for a New Trial on the Breach of Fiduciary Duty Claims (Doc. No. [613]) is **DENIED**.

2. ERISA Plaintiffs' Rule 52(b) Motion to Amend, or in the Alternative, for a New Trial Under Rule 59 (Doc. No. [617]) is **DENIED**.

Dated:  October 2, 2014            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge