# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Blue Cross Blue Shield of Minnesota as Administrator
of the Blue Cross and Blue Shield of Minnesota
Pension Equity Plan; CentraCare Health System, on
Behalf of Itself and the Sisters of the Order of
Saint Benedict Retirement Plan; Supplemental Benefit
Committee of the International Truck and Engine
Corp. Retiree Supplemental Benefit Trust, as
Administrator of the International Truck and
Engine Corp. Retiree Supplemental Benefit Trust;
Jerome Foundation; Meijer, Inc., as Administrator
of the Meijer OMP Pension Plan and Meijer Hourly
Pension Plan, Participants in the Meijer Master
Pension Trust; Nebraska Methodist Health System,
Inc., on Behalf of Itself, and as Administrator of the
Nebraska Methodist Hospital Foundation, the
Nebraska Methodist Health System Retirement
Account Plan, and the Jennie Edmundson Memorial
Hospital Employee Retirement Plan; North Memorial
Health Care, on Behalf of Itself and as Administrator
of the North Memorial Health Care Pension Plan;
The Order of Saint Benedict, as the St. John's University
Endowment and the St. John's Abbey Endowment;
The Twin City Hospitals-Minnesota Nurses Association
Pension Plan Pension Committee, as Administrator of
the Twin City Hospitals-Minnesota Nurses Association
Pension Plan; Administrative Committee of the Joint
Hospitals Pension Board, as Administrator of the
Twin City Hospitals Pension Plan for Licensed
Practical Nurses; The Board of Trustees of the
Tuckpointers Local 52 Pension Trust Fund, as
administrator of the Tuckpointers Local 52 Pension
Trust Fund, and the Board of Trustees of the Chicago
Area Joint Welfare Committee for the Pointing,
Cleaning and Caulking Industry Local 52, as administrator
for the Chicago area Joint Welfare Committee for the
Pointing, Cleaning and Caulking Industry Local 52;
and The El Paso County Retirement Plan,

    Plaintiffs,

Civil No. 11-2529 (DWF/JJG)

**AMENDED FINDINGS
OF FACT, CONCLUSIONS
OF LAW, AND ORDER
FOR JUDGMENT**

v.

Wells Fargo Bank, N.A.,

          Defendant.

---

Michael V. Ciresi, Esq., Munir R. Meghjee, Esq., Stephen F. Simon, Esq., Vincent J. Moccio, Esq., Brock J. Specht, Esq., Mathew R. Korte, Esq., and Thomas L. Hamlin, Esq., Robins Kaplan Miller & Ciresi LLP; and Roberta B. Walburn, Esq., counsel for Plaintiffs.

Bart H. Williams, Esq., Bradley R. Schneider, Esq., Erin J. Cox, Esq., and Manuel F. Cachan, Esq., Munger Tolles & Olson LLP; Lawrence T. Hofmann, Esq., Michael R. Cashman, Esq., Daniel J. Millea, Esq., Lindsey A. Davis, Esq., Richard M. Hagstrom, Esq., and Rory D. Zamansky, Esq., Zelle Hofmann Voelbel & Mason LLP; and Brooks F. Poley, Esq., John N. Sellner, Esq., Justin H. Jenkins, Esq.,  and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

## INTRODUCTION

This matter is now before the Court on the motion and request of the ERISA Plaintiffs for Amended Findings of Fact and Conclusions of Law based upon the findings and conclusions this Court made when it dismissed the ERISA Plaintiffs' breach of fiduciary claims on March 24, 2014.[1]

---

[1]     Simultaneously with this Amended Findings of Fact, Conclusions of Law, and Order for Judgment, the Court is filing a Memorandum Opinion and Order in which the Court denies both Plaintiffs' Rule 59 Motion for a New Trial on the Breach of Fiduciary Duty Claims and ERISA Plaintiffs' Rule 52(b) Motion to Amend, or in the Alternative, for a New Trial Under Rule 59.

**BACKGROUND**

This matter came before the Court for a trial by jury on the claims of the

non-ERISA Plaintiffs[2] beginning on June 17, 2013 and ending on August 8, 2013.  On

August 8, 2013, the jury returned a verdict in favor of Defendant Wells Fargo Bank, N.A.

("Defendant" or "Wells Fargo") on each of the following counts of the Third Amended

Complaint (Doc. No. 200):  Count I(a) (Breach of Fiduciary Duty – Non-ERISA);

Count II (Breach of Contract); Count III (Intentional Fraud); Count V (Minnesota

Consumer Fraud Act); and Count VI (Minnesota Unlawful Trade Practices Act).[3]  (Doc.

No. 557.)

---

[2]    The non-ERISA Plaintiffs, whose claims were submitted to the jury, include:
CentraCare, El Paso Retirement, Jerome Foundation, Nebraska Methodist,
North Memorial, and St. John's.  (Doc. No. 557, Special Verdict Form.)  According to
the Third Amended Complaint, Nebraska Methodist and North Memorial participated in
the securities lending program on behalf of, and as administrators of, both ERISA and
non-ERISA entities under their respective Securities Lending Agreements.  (Doc.
No. 200, Third Am. Compl. at 55 n.1-2 & 59 n.3-4.)  North Memorial asserted
non-ERISA claims on behalf of itself and an ERISA claim on behalf of the
North Memorial Health Care Pension Plan, an ERISA plan.  (*Id.* ¶ 224.)  Because of the
commingled nature of North Memorial's participation in the securities lending program,
the parties agreed to submit North Memorial's entire claim to the jury.  (Doc. No. 506,
Tr. 532-33.)

[3]    Plaintiffs did not submit their non-ERISA Deceptive Trade Practices Act claim
(Count VII) to the jury; Plaintiffs, instead, proposed that Count VII should be decided by
the Court because the remedy provided for such a claim under Minnesota statute is
injunctive relief (as opposed to monetary damages).  (Doc. No. 589, Tr. 5677; *see also id.*
5717-18, 5720.)
        Plaintiffs also withdrew their Negligent Misrepresentation claim (Count IV)
during the jury trial.  (Doc. No. 590, Tr. 5883.)

Neither party requested that the jury serve in an advisory capacity under

Rule 39(c) with respect to the ERISA Plaintiffs' claim.  Rather, prior to trial, the parties

agreed that:

> At the same time as the jury hears the non-ERISA claims, the Court
> would sit as the finder of fact for the ERISA fiduciary duty claims.  For
> example, the testimony by experts and Wells Fargo employees will be
> relevant to the determination of liability by both the jury and the Court.
> Testimony that is specific to the ERISA Plaintiffs would not be
> heard by the jury.  The only such evidence that Plaintiffs contemplate at
> this time is testimony of the ERISA Plaintiffs themselves, as well as
> stipulated evidence on damages.

(Doc. No. 308 at 20-21; *see* Doc. No. 475 at 7 (adopting Plaintiffs' proposal for trial); *see*

*also* Doc. No. 475 at 6 (noting that "Wells Fargo indicated at the hearing that, if the Court

were to deny its motion [for a bench trial of both ERISA and non-ERISA Breach of

Fiduciary Duty claims], Wells Fargo would agree to the trial of this matter in the manner

proposed by Plaintiffs").)

It is important for the Court to note, given Plaintiffs' motion for amended findings

of fact and conclusions of law pursuant to Rule 52 or, alternatively Plaintiffs' motion for

a new trial for ERISA Plaintiffs pursuant to Rule 59, prior to the trial in this matter,

Plaintiffs stated in their representations and briefing to the Court that "the liability case

for ERISA and non-ERISA Plaintiffs can be heard by the jury at the same time and *on the*

*same evidence*."  (Emphasis added.)  (Doc. No. 308 at 21.)

4

Thus, simultaneously, and subsequent to the jury trial, the Court sat as

"fact-finder" on the ERISA Plaintiffs'[4] Breach of Fiduciary Duty claim (Count I(b)).  The

bench trial also concluded on August 8, 2013.

The parties agree that ERISA claims are equitable in nature.  (Doc. No. 475 at 4-5

(finding that Plaintiffs were not entitled to a jury trial with respect to the ERISA fiduciary

duty claim and granting Defendant's motion for a bench trial on Count I(b)).)  When

claims within a single action are of both a legal and equitable nature, the legal claims

must be tried to a jury first and the equitable claims resolved subsequently.  *H.A. Dasler*

*v. E.F. Hutton & Co., Inc.*, 694 F. Supp. 624, 627 (D. Minn. 1988) (citing 9 Charles Alan

Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2305 at 35 (1971));

*see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) (noting that where

"joinder in one suit of legal and equitable causes would not in all respects protect the

plaintiff seeking equitable relief from irreparable harm while affording a jury trial in the

legal cause, the trial court will necessarily have to use its discretion in deciding whether

the legal or equitable cause should be tried first").  As such, the parties agreed to try their

---

[4]    The parties agree that the ERISA Plaintiffs include administrators of the following
plans:  Blue Cross Blue Shield of Minnesota Pension Equity Plan (Blue Cross),
International Truck and Engine Corp. Retiree Supplemental Benefit Plan (International
Truck), Meijer OPM Pension Plan and Meijer Hourly Pension Plan (together, Meijer
Pension Trust), Jennie Edmundson Memorial Hospital Pension Plan (Nebraska
Methodist), Tuckpointers Local 52 Pension Trust Fund and Chicago Area Joint Welfare
Committee for the Pointing, Cleaning, and Caulking Industry Local 52 (together,
Tuckpointers Local 52), Twin City Hospitals-Minnesota Nurses Association Pension Plan
(Nurses Pension Plan), and Twin City Hospitals Licensed Practical Nurses Pension Plan
(LPN Plan).  (Doc. No. 596 ¶¶ 2-8; Doc. No. 598 ¶¶ 2-7; *see also* Third Am. Compl.
at 55.)

non-ERISA claims to the jury first, while having the Court sit simultaneously as

fact-finder on the ERISA claim, and to present additional evidence with respect to the

ERISA Plaintiffs' damages following the jury trial.

If the issues tendered to the jury are purely equitable, the Court, in its discretion,

may accept or disregard the jury's verdict.  *H.A. Dasler*, 694 F. Supp. at 627.  "[T]o the

extent that legal and equitable issues overlap," however, "the jury's verdict on the legal

claim operates as a finding of fact binding on the Court in its disposition of the

accompanying equitable claim."  *Id.*; *see McIntosh v. Weinberger*, 810 F.2d 1411, 1429

(8th Cir. 1987) ("Generally, when a case involves both a jury-trial portion and a bench

trial, any essential factual issues which are central to both must be tried to the jury . . . ."),

*vacated on other grounds by Turner v. McIntosh*, 487 U.S. 1212 (1988); *Dybczak v.*

*Tuskegee Inst.*, 737 F.2d 1524, 1526-27 (11th Cir. 1984) ("It is well settled that where

claims at law and in equity are joined and the legal claims are tried separately by a jury,

the jury's verdict operates as a finding of fact binding on the trial court in its

determination of the equitable claims."); *Lincoln v. Bd. of Regents of Univ. Sys.*, 697 F.2d

928, 934 (11th Cir. 1983) ("When a party has the right to a jury trial on an issue involved

in a legal claim, the judge is of course bound by the jury's determination of that issue as

it affects his disposition of an accompanying equitable claim."); *see also Menovcik v.*

*BASF Corp.*, No. 09-12096, 2011 WL 4945764, at *7 (E.D. Mich. Oct. 18, 2011) ("[T]he

Court may not make a finding of fact with respect to the equitable ERISA claim that

conflicts with a finding of fact made by the jury with respect to the remaining legal

claims.").

In this action, the jury returned a verdict in which it found, among other things, that Defendant did not breach a fiduciary duty to any of the six non-ERISA Plaintiffs. (Doc. No. 557.)  While the verdict was limited to the non-ERISA Plaintiffs, the evidence presented by Plaintiffs with respect to Defendant's fiduciary duties was common to all Plaintiffs.[5]  *See, e.g.*, *McIntosh*, 810 F.2d at 1429 (finding that a jury determination of a "crucial" or "central fact" is binding on the trial judge); *see also Kreinik v. Showbran Photo, Inc.*, 400 F. Supp. 2d 554, 562 (S.D. N.Y. 2005) (noting that "two issues may be identical for estoppel purposes if they are *substantially* or *essentially* the same").  Therefore, in issuing its verdict, the jury responded to testimony and determined factual issues[6] common to Plaintiffs' non-ERISA and ERISA Breach of Fiduciary Duty claims. *See H.A. Dasler*, 694 F. Supp. at 627.  A court's responsibility "to preserve the integrity of the judicial process" involves "a substantial concern in the consistent determination of any particular question."  *Kreinik v. Showbran Photo, Inc.*, 400 F. Supp. 2d 554, 562 (S.D. N.Y. 2005) (quoting *Wade v. Orange Cnty. Sheriff's Office*, 844 F.2d 951, 954 (2d Cir. 1998)).  The Court is thus constrained to render a judgment on Plaintiffs' ERISA claim that is consistent with the jury's determination of factual issues common to both

---

[5]    Importantly, the jury had a legally sufficient evidentiary basis to find for Defendant on the non-ERISA claims; there is therefore no basis upon which to set aside the jury's verdict on the record before the Court.  The Court need not speculate, however, as to the content of any post-trial motions.

[6]    It is true that the Court "cannot be sure what specific facts the jury found" here. *McIntosh*, 810 F.2d at 1429.  The issue now before the Court pursuant to the bench trial, however, is identical to one of the central questions presented to the jury:  whether Defendant breached its fiduciary duties.  *See id.*

claims.[7] *See H.A. Dasler*, 694 F. Supp. at 627-28; *see also Kreinik*, 400 F. Supp. 2d at

561 ("[W]hen the jury has decided a factual issue, its determination has the effect of

precluding the court from deciding the same fact issue in a different way.") (quoting

*Wade*, 844 F.2d at 954). The legal basis and justification for this result is predicated

upon the doctrine of collateral estoppel or issue preclusion which has as one of its

purposes to avoid litigants being subject to conflicting or inconsistent determinations on

the same point and, in so doing, preserving the integrity of the judicial process.

Consequently, the Court remains bound, for the reasons stated here and below.

Admittedly, the Court proceeded under the view and under the assumption that the

parties had, in their trial plan, either stipulated away the preclusive effect of a jury verdict

or, perhaps with the benefit of hindsight, did not contemplate the effect of the jury verdict

one way or the other, nor did the Court inquire of counsel during the pretrial on this issue.

However, on the unique facts of this case, the Court need not decide whether and under

what circumstances the issue of preclusion can be waived. *Butler v. Bollard*, 800 F.2d

223 (10th Cir. 1986). Thus, given the presence of the issue of preclusion under the

unique facts of this case, neither consent nor waiver can be appropriately invoked here

where the Court is bound by the decision of the jury, given the following unique

circumstances: (1) the same law firm represented all plaintiffs; (2) there was practical

privity between the ERISA and non-ERISA Plaintiffs; (3) the issues were in fact identical

---

[7]    Significantly, however, the Court notes that if it were not so bound, the Court
would find, based on the evidence presented at trial, that Defendant breached its fiduciary
duties to the ERISA Plaintiffs.

or, in the words of Plaintiffs' counsel, "the liability case for the ERISA and non-ERISA Plaintiffs can be heard by the Court and the jury at the same time and on the same evidence." (Doc. No. 308 at 21, *supra.*) The issues related to breach of fiduciary duty were identical, as repeatedly acknowledged by the parties. The jury's verdict was therefore sufficiently final on the issue of breach of fiduciary duty and binding on the Court.[8]

The ERISA Plaintiffs were given a full opportunity to be heard during the trial in front of the jury, as noted above, on the same evidence. Close scrutiny of the record shows that there was no specific evidence as to any individual ERISA Plaintiff that related to the liability issue of breach of fiduciary duty that differed from the evidence during the seven weeks of trial as to the non-ERISA Plaintiffs.[9]

---

[8] Of course, the verdict would not be binding if the Court would have ruled that there was no factual and legal basis for the jury's decision and, in so doing, granted judgment as a matter of law, overturned the verdict, or granted a motion for a new trial. None of this, however, occurred here, notwithstanding the Court's observation that it would have entered a verdict for the ERISA and non-ERISA Plaintiffs because it saw the evidence differently than the jury.

[9] Plaintiffs' Opposition to Wells Fargo Bank, N.A.'s Motion for Bench Trial of Non-ERISA Fiduciary Duty Claims stated:

> Plaintiffs' proposal provides for the maximum efficiency, while preserving the rights of all Plaintiffs. The liability case for ERISA and non-ERISA Plaintiffs can be heard by the Court and the jury at the same time and on the same evidence. Experts for both Plaintiffs and Wells Fargo agree that Wells Fargo's fiduciary duties are virtually identical for both ERISA and non-ERISA Plaintiffs, for purposes of this case. *Compare* Ex. 6 at 21 (Expert Report of Christopher Geczy) ("For purposes of my opinion, and as admitted by Wells Fargo, Wells Fargo's fiduciary duty is the same for ERIS and non-ERISA Plaintiffs.") and Ex. 7 at 4. n.2 (Expert Report of Charles Porten) ("For purposes of my report . . . I do not

(Footnote Continued on Next Page)

For all of the above reasons, as well as those set forth in the amended findings and conclusions, and consistent with the Court's original findings and conclusions, the Court is constrained to render a judgment on the Plaintiffs' ERISA claims that is consistent with the jury's determination on issues that were not only in common and overlapped, but were essentially the same with respect to the breach of fiduciary duty claims for both the ERISA and non-ERISA Plaintiffs.

Based upon the foregoing, the extensive presentations of counsel, including the testimony and exhibits submitted during the trial, the extensive post-trial submissions, the entire record before the Court, and the procedural history of the matter, and the Court being otherwise duly advised in the premises, the Court hereby makes the following:

### FINDINGS OF FACT

1.      Plaintiffs withdrew their Negligent Misrepresentation claim (Count IV) during the jury trial.  (Doc. No. 590, Tr. 5883.)

2.      On August 8, 2013, the jury returned a verdict in favor of Defendant on all of the non-ERISA claims before it.  (Doc. No. 557.)

3.      The jury verdict included a finding that Defendant did not breach a fiduciary duty to any of the six non-ERISA Plaintiffs.  (*Id.* at 1.)

---

(Footnote Continued From Previous Page)

distinguish between the two classes of Plaintiffs, because in forming the opinions offered herein, I am applying the highest standard of care"); *see also Shea v. Esensten*, 107 F.3d 625, 628 (8th Cir. 1997) ("Congress invoked the common law of trusts to define the general scope of [a fiduciary's] . . . [ERISA] responsibility." (citation omitted)); *see also* 29 U.S.C. § 1104(a)(1).

Doc. No. 308 at 21, *supra*.

4.      Prior to trial, Plaintiffs asserted that "[t]he liability case for ERISA and non-ERISA Plaintiffs can be heard by the Court and the jury at the same time and on the same evidence." (Doc. No. 308 at 21.)  Plaintiffs also acknowledged that "[e]xperts for both Plaintiffs and Wells Fargo agree that Wells Fargo's fiduciary duties are virtually identical for both ERISA and non-ERISA Plaintiffs for purposes of this case." (*Id.*)  In fact, as noted by Plaintiffs' expert, Christopher Geczy, Ph.D., "[f]or purposes of my opinion and as admitted by Wells Fargo, Wells Fargo's fiduciary duty is the same for ERISA and non-ERISA Plaintiffs." (*Id.* (quoting Doc. No. 309, Walburn Aff. ¶ 3, Ex. 6 at 21).)

5.      Immediately following the seven-week jury trial, and while the jury was deliberating on the non-ERISA claims, the Court received testimony from representatives of five of the ERISA Plaintiffs in proceedings that lasted approximately one-and-a-half days.

6.      With respect to Defendant's fiduciary duties, the substance of the testimony and evidence presented by the ERISA Plaintiffs to the Court was the same as that presented by the non-ERISA Plaintiffs to the jury.  Contrary to Plaintiffs' post-trial assertions, the evidence presented and the testimony received by each of the individual ERISA Plaintiffs to the Court was precisely the same as that presented by the non-ERISA Plaintiffs to the jury.  To the extent that the testimony related to the liability issues surrounding breach of fiduciary duty, the evidence—both lay and expert—in every way was the same as that presented to the jury by the non-ERISA Plaintiffs, all of which was

consistent with the representations by counsel for all Plaintiffs, prior to trial, that the evidence would be the same.

7.      The Court finds that representatives for both the non-ERISA and ERISA Plaintiffs gave essentially identical accounts of Wells Fargo's disclosures relating to the securities lending program and the relevant trust portfolios.

8.      While it is true that the ERISA Plaintiffs presented testimony concerning their specific interactions with Wells Fargo, the ERISA Plaintiffs did not present any evidence relating to Wells Fargo's conduct that was not also heard and considered by the jury on the claims of the non-ERISA Plaintiffs.

9.      Significantly, during the bench trial portion of the litigation, Plaintiffs did not introduce any new or additional substantive evidence on the issue of liability, namely, whether Wells Fargo breached its fiduciary duties to the ERISA Plaintiffs.  The same operative facts were before the Court for the bench trial and the jury trial on the issue of liability relating to breach of fiduciary duty.

10.      The record, including the transcript of the bench trial, makes clear that the bench trial portion of the litigation was essentially limited to testimony related to the amount of the ERISA Plaintiffs' damages and the nature of their reliance on precisely the same representations that had been described during the jury trial.  Moreover, irrespective of how the evidence is characterized or otherwise evaluated, there was no additional evidence received during the Court trial that was inconsistent or different in any way from the evidence received during the jury trial relating to the issue of breach of fiduciary duty.

11.     The jury verdict also included findings that Defendant did not violate the

Minnesota Consumer Fraud Act or the Minnesota Unlawful Trade Practices Act.  (Doc.

No. 557 at 6, 8.)  Specifically, in answering questions 11 and 14, the jury found that:

(1) Wells Fargo did not "provide false information or use a deceptive practice in the

course of selling the securities lending program" to each of the six non-ERISA Plaintiffs;

and (2) Wells Fargo did not "knowingly misrepresent, directly or indirectly, the true

quality of the securities lending program or its collateral investments in connection with

the sale of the securities lending program" to each of the six non-ERISA Plaintiffs.  (*Id.*)

12.     Plaintiffs acknowledge that "the jury's answers to questions No. 11 and 14

on the Special Verdict Form may operate as findings of fact on issues common to the

elements of" their Deceptive Trade Practices Act claim.  (Doc. No. 596 at 88.)

"Therefore, Plaintiffs acknowledge that to the extent that legal and equitable issues

overlap on these claims, the Court is bound by the Jury's factual findings on the

non-ERISA Plaintiffs' legal claims in making the Court's determination of the

non-ERISA Plaintiffs' equitable claim."  (*Id.* at 88-89.)

13.     Any conclusion of law deemed a finding of fact is incorporated herein as

such.

Based upon the above findings of fact, the Court now makes its:

**CONCLUSIONS OF LAW**

1.      The ERISA Plaintiffs are, at a minimum, in practical privity with the non-ERISA Plaintiffs for the purpose of applying the doctrine of collateral estoppel with respect to the issue of whether Defendant breached its fiduciary duty to the ERISA Plaintiffs.  *See, e.g.*, *Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934 (8th Cir. 1995) (citing *Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 200 N.W.2d 45 (Minn. 1972)).

2.      The ERISA Plaintiffs were given a full and fair opportunity to be heard, as confirmed by not only the evidence presented in the case by Plaintiffs' counsel, who was counsel for the ERISA and non-ERISA Plaintiffs, but the agreement was as follows:  "the liability case for ERISA and non-ERISA Plaintiffs can be heard by the Court and the jury at the same time and with the same evidence."  (*Supra* Doc. No. 308 at 21.)

3.      The ERISA Plaintiffs had a controlling participation and self-interest in litigating with the same evidence the breach of fiduciary issue before the jury as well as the Court.  Consequently, the ERISA Plaintiffs and non-ERISA Plaintiffs had a clearly established mutuality of interest relating to the breach of fiduciary issue claim presented to the jury and the Court.

4.      On the record before the Court, the Court concludes that the jury verdict reached in this case after seven weeks of trial constituted a sufficiently final and specific decision on the merits.

5.      The ERISA fiduciary issues decided by the jury are identical to the common law fiduciary issues.

6.      Defendant acted as a fiduciary under 29 U.S.C. § 1002 with respect to the

ERISA plans.

7.      Defendant owed fiduciary duties to the ERISA Plaintiffs under 29 U.S.C

§ 1104.

8.      The Court concludes, as a matter of law, that the issues presented to the

jury were identical to those presented to the Court for the ERISA Plaintiffs.  Moreover,

the conclusion of this Court and its decision is the same under both the federal law and

the state law of Minnesota.  *Onvoy Inc. v. Allete, Inc.*, 736 N.W.2d 611 (Minn. 2007);

*Beacon Theaters Inc. v. Westover*, 359 U.S. 500 (1959).

9.      The Court is constrained to render a judgment on Plaintiffs' ERISA Breach

of Fiduciary Duty claim that is consistent with the jury's determination of factual issues

common to both the non-ERISA and ERISA claims.[10]  *H.A. Dasler*, 694 F. Supp. at

627-28.  As such, the Court finds that the jury's verdict on Plaintiffs' Breach of Fiduciary

Duty claim is binding on the Court.  Unlike in *Copic Ins. Co. v. Wells Fargo Bank, N.A.,*

767 F. Supp. 2d 1191 (D. Colo. 2011),[11] the legal and equitable issues here were not only

close to each other, they were virtually identical.  Moreover, it is the Court's

---

[10]      The jury's verdict is conclusive here; the Court need not speculate as to "the
grounds for the jury's finding" or "what facts were relied upon and necessary to the
jury's verdict" because the evidence presented to the jury was essentially identical to the
evidence presented to the Court.

[11]      *See Copic Ins. Co. v. Wells Fargo Bank, N.A.*, 767 F. Supp. 2d 1191, 1216
(D. Colo. 2011) (concluding that "the evidence does not demonstrate, as a matter of law,
that the issues here are identical to those resolved in the Minnesota Action with respect to
the breach of fiduciary duty claim").

responsibility to preserve the integrity of the judicial process to avoid inconsistent or conflicting decisions on the same operative facts.

10.     In light of the jury's findings and verdict with respect to the non-ERISA Breach of Fiduciary Duty claim (Count I(a)), Plaintiffs are not entitled to judgment on their ERISA Breach of Fiduciary Duty claim (Count I(b)).

11.     In light of the jury's findings and verdict with respect to the Minnesota Consumer Fraud Act and Minnesota Unlawful Trade Practices Act claims, Plaintiffs are not entitled to judgment or injunctive relief on their non-ERISA Minnesota Deceptive Trade Practices Act claim (Count VII).

12.     Any finding of fact deemed a conclusion of law is incorporated herein as such.

Based upon the above findings of fact and conclusions of law, this Court enters the following:

### ORDER FOR JUDGMENT

In light of the foregoing, and all the files, records and proceedings herein, it is **HEREBY ORDERED** that:

1.     Plaintiffs **WITHDREW** their Negligent Misrepresentation claim during the jury trial.  As such, Count IV of the Third Amended Complaint (Doc. No. [200]) is **DISMISSED WITH PREJUDICE**.

2.     On August 8, 2013, the jury reached a verdict in favor of Defendant on each of the following counts:  Count I(a) (Breach of Fiduciary Duty – Non-ERISA); Count II (Breach of Contract); Count III (Intentional Fraud); Count V (Minnesota

Consumer Fraud Act); and Count VI (Minnesota Unlawful Trade Practices Act).  (Doc.

No. [557].)  As such, Count I(a), Count II, Count III, Count V, and Count VI of the Third

Amended Complaint (Doc. No. [200]) are **DISMISSED WITH PREJUDICE**.

       3.      Count I(b) (Breach of Fiduciary Duty – ERISA) and Count VII (Minnesota

Deceptive Trade Practices Act) were tried to the Court.  For the reasons described above,

the Court now finds in favor of Defendant on Count I(b) and Count VII.  As such,

Count I(b) and Count VII of the Third Amended Complaint (Doc. No. [200]) are

**DISMISSED WITH PREJUDICE**.

       **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 2, 2014          s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge