Blue Cross Blue Shield of Minnesota as Administrator
of the Blue Cross and Blue Shield of Minnesota
Pension Equity Plan; CentraCare Health System, on
Behalf of Itself and the Sisters of the Order of
Saint Benedict Retirement Plan; Supplemental Benefit
Committee of the International Truck and Engine
Corp. Retiree Supplemental Benefit Trust, as
Administrator of the International Truck and
Engine Corp. Retiree Supplemental Benefit Trust;
Jerome Foundation; Meijer, Inc., as Administrator
of the Meijer OMP Pension Plan and Meijer Hourly
Pension Plan, Participants in the Meijer Master
Pension Trust; Nebraska Methodist Health System,
Inc., on Behalf of Itself, and as Administrator of the
Nebraska Methodist Hospital Foundation, the
Nebraska Methodist Health System Retirement
Account Plan, and the Jennie Edmundson Memorial
Hospital Employee Retirement Plan; North Memorial
Health Care, on Behalf of Itself and as Administrator
of the North Memorial Health Care Pension Plan;
The Order of Saint Benedict, as the St. John's University
Endowment and the St. John's Abbey Endowment;
The Twin City Hospitals-Minnesota Nurses Association
Pension Plan Pension Committee, as Administrator of
the Twin City Hospitals-Minnesota Nurses Association
Pension Plan; Administrative Committee of the Joint
Hospitals Pension Board, as Administrator of the
Twin City Hospitals Pension Plan for Licensed
Practical Nurses; The Board of Trustees of the
Tuckpointers Local 52 Pension Trust Fund, as
administrator of the Tuckpointers Local 52 Pension
Trust Fund, and the Board of Trustees of the Chicago
Area Joint Welfare Committee for the Pointing,
Cleaning and Caulking Industry Local 52, as administrator
for the Chicago area Joint Welfare Committee for the
Pointing, Cleaning and Caulking Industry Local 52;
and The El Paso County Retirement Plan,

Civil No. 11-2529 (DWF/KMM)

**MEMORANDUM**
**OPINION AND ORDER**

Plaintiffs,

v.

Wells Fargo Bank, N.A.,

            Defendant.

---

Katherine S. Barrett Wiik, Esq., Munir R. Meghjee, Esq., and Thomas L. Hamlin, Esq., Robins Kaplan LLP, counsel for Plaintiffs.

Bart H. Williams, Esq., and Manuel F. Cachan, Esq., Proskauer Rose; Bradley R. Schneider, Esq., Erin J. Cox, Esq., and Fred A. Rowley, Jr., Esq., Munger Tolles & Olson LLP; and Daniel J. Millea, Esq., Elizabeth V. Kniffen, Esq., Lindsey A. Davis, Esq., and Rory D. Zamansky, Esq., Zelle LLP; counsel for Defendant.

---

In accordance with Local Rule 7.1(j), Defendant Wells Fargo has requested permission to file a motion for reconsideration of the Court's March 14, 2017 Memorandum Opinion and Order (Doc. No. 677). (Doc. No. 684.) Plaintiffs oppose this request. (Doc. No. 685.)

Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j). A motion to reconsider should not be employed to relitigate old issues but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The Court assumes the reader's familiarity with the proceedings, which are summarized in the Court's March 14, 2017 order. As a short background, Plaintiffs filed a number of claims against Wells Fargo for its handling of certain investments during the

Great Recession.  Relevant here, some Plaintiffs brought claims under ERISA for breach of fiduciary duty (generally, the "ERISA Plaintiffs"), and other Plaintiffs brought claims for common-law breaches of fiduciary duty (generally, the "Non-ERISA Plaintiffs"). While the sources of the law for the duties were different, everyone agreed the duties were the same.

The Non-ERISA claims were submitted to the jury while the ERISA claims were submitted to the Court as a bench trial.  Before the conclusion of the bench trial, the jury returned a verdict finding that Wells Fargo had not breached its fiduciary duty to the Non-ERISA Plaintiffs.  Wells Fargo then argued that the jury verdict was preclusive on the Court's liability determination for the ERISA Plaintiffs.  The Court agreed, and the ERISA Plaintiffs appealed.  The Eighth Circuit remanded the case instructing the Court to consider whether the parties waived the preclusive effect of the jury verdict.  On remand, the Court determined that "given the totality of Defendant's conduct, the Court concludes that Defendant waived the preclusive effect of the jury verdict."  (Doc. No. 677 at 12.)  Defendant argues that the Court erred in reaching its conclusion.

First, Defendant argues that the Court erred in concluding that Defendant's decision to submit some ERISA claims to the jury evidenced Defendant's intent that the jury verdict would not be binding.  Prior to trial, the Court ordered that Plaintiffs' ERISA fiduciary-duty claims would be presented as a bench trial, while Plaintiffs' non-ERISA fiduciary-duty claims would be submitted to the jury.  (Doc. No. 475.)  The Court's order complicated the presentation of evidence for two plaintiffs who had brought both ERISA and non-ERISA fiduciary-duty claims.  As a result, the parties agreed to split the claims

between judge and jury when the ERISA and non-ERISA funds could be separated. But for North Memorial, the ERISA and non-ERISA funds were inextricably commingled. The parties, therefore, agreed to submit the ERISA claims for North Memorial to the jury. In the March 14, 2017 order, the Court found that such an exercise was likely immaterial if, as Defendant now argues, the jury's decision would be dispositive. That is, if the jury's decision regarding whether Wells Fargo had breached its fiduciary duty would be dispositive for both ERISA and Non-ERISA claims, why would Wells Fargo go through the process of having the claims split for the two plaintiffs with both ERISA and Non-ERISA claims? Why wouldn't Wells Fargo have all of the claims for those two plaintiffs submitted to the jury? The Court concluded that there appeared to be no basis for such maneuvering if Wells Fargo had expected the jury verdict to be preclusive on the issue.

The issue had not been raised by the parties in their briefing on remand, but was the result of the Court's review of the record. In its letter seeking a motion to reconsider, Wells Fargo argues that its decision was not indicative of waiver. Because Wells Fargo did not have an opportunity to address the issue, the Court will allow Wells Fargo to address it as part of its motion to reconsider.

Second, Defendant argues that the Court erred in its reliance on an August 5, 2013 discussion regarding the parties' view on the procedural effect of the jury verdict on the Non-ERISA Plaintiffs' request for injunctive relief under the Deceptive Trade Practices Act. Plaintiffs' position at the time was that both liability and remedy were before the Court and not the jury. In response to Plaintiffs' position, Defendant's counsel stated that

4

he did not necessarily disagree. In its March 14, 2017 order, the Court concluded that this conversation seemed to indicate that Defendant did not view the jury verdict as preclusive.

Defendant argues that the Court erred because Minnesota law is critical of waiver by silence, that Defendant's counsel did not understand the question, and that the Court had moved on from the discussion "without any waivers from anybody." (Doc. No. 589, Tr. at 5720.) Defendant did not have the opportunity to address this argument in its briefing because the conversation was identified by the Court in its review of the record. As a result, the Court will allow Wells Fargo to address it as part of its motion to reconsider.

With regard to the other issues Defendant has raised, the Court concludes that reconsideration would merely serve to allow the parties to relitigate old issues and, therefore, Defendant's request to file a motion for reconsideration as to those issues will be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendant's request for leave to file a motion for reconsideration (Doc. No. [684]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      Defendant may file a motion for reconsideration consistent with this order no later than May 5, 2017;

      b.      Defendant may file, also by May 5, 2017, a brief in support of their motion for reconsideration of no more than 10 pages;

c.     Plaintiffs may file a responsive brief of no more than

10 pages by May 12, 2017;

d.     If the Court determines a hearing is necessary, it will contact

the parties to schedule such a hearing; and

e.     The Court respectfully denies Defendant's request for

reconsideration as to any other issues.

Dated:  April 13, 2017                          s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge